CLARENCE M. HINTZ *et al.*, Plaintiffs-Appellees, *v.* GEORGE LAZARUS, Defendant-Appellant.

Second District   No. 76-518

Opinion filed February 9, 1978.—Rehearing denied April 7, 1978.

Stapleton, Ernst & Sprengelmeyer, of East Dubuque, for appellant.

William A. Kelly, of Nack, Richardson & Nack, of Galena, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Clarence M. and Marilyn G. Hintz filed an action seeking to have a certain contract for the sale of their farm to the defendant, George Lazarus, "cancelled" on grounds of fraud and unconscionability. Lazarus counterclaimed in the alternative for specific performance or money damages. After a bench trial, the court entered an order finding that Lazarus was guilty of actionable misrepresentations, that the subject contract was unconscionable, and declaring the contract cancelled. The Hintzes were ordered to return Lazarus' earnest money and to pay Lazarus an amount equal to the legal fees incurred in the preparation of the subject contract. Lazarus appeals, contending that the Hintzes failed to either plead or prove actionable misrepresentation, that the trial court's finding of unconscionability was against the manifest weight of the evidence, and that the court erred in admitting certain testimony in violation of the parole evidence rule. Under our view of this case, it is unnecessary for us to pass upon these contentions.

The facts may be briefly summarized: The Hintzes executed articles of agreement to sell 111 acres of their 116-acre farm to Lazarus for the sum of $50,000, payable in installments over 10 years, with interest on the unpaid balance at the rate of 6% per annum. One section of the contract provided that:

"* * * As part of the consideration of this contract the buyer agrees to lease to seller the premises herein described for ten years beginning January 1, 1975 under the ordinary terms and conditions for farm leases on a cash-rent basis used in Northwestern Illinois. * * * The rental charge for the first year from January 1, 1975 through December 31, 1975 shall be $5,500.00 payable in two installments with the first installment due March 1, 1975 and the

second installment due September 1, 1975. Subsequent rental figures for succeeding years will be agreed upon by the parties hereto, and the lease as finally drafted will be incorporated into this contract by reference."

The parties subsequently executed a lease, which was referred to in and attached to the contract, but the lease covered only the period from March 1, 1975, to February 29, 1976, and did not contain an automatic renewal clause. Lazarus testified at trial that the Hintzes were "never obligated for over a year at a time" under this rental agreement.

The assertion that Lazarus was guilty of fraud and that the contract was unconscionable is somewhat tenuous. The Hintzes, husband and wife, are farmers who own, occupy and operate a 116-acre farm near Warren, Illinois. Lazarus is a livestock dealer and has known and done business with the Hintzes for about nine years prior to this transaction. Both Hintzes and Lazarus testified they considered one another as friends. Lazarus was interested in purchasing the farm and requested that he be given first chance to purchase when the Hintzes decided to sell. In late summer of 1974 the parties discussed a sale and Hintzes initially asked $100,000, but ultimately agreed on $80,000 for the farm. Lazarus had the articles of agreement drawn and in September brought the contract to Hintzes' residence. The Hintzes testified that Lazarus represented that the Hintzes didn't need an attorney, and that they were receiving $80,000 for their farm, even though the contract specified a purchase price of $50,000.

The Hintzes testified that Lazarus fraudulently represented that the interest rate should be 6%, rather than 8%, "to benefit both parties"; that Lazarus stated that he would rescind the agreement at any time, upon request, and that the farm lease "would not be enforced at the full amount of the rental price stated." They also testified that they did not read the contract before they signed it and became dissatisfied with the contract later, after they read it. The trial court found that misrepresentations by Lazarus justified cancellation of the contract. The court also found that the contract was unconscionable, basing this holding upon a finding of inadequacy of consideration which is not entirely supported by the record.

■■ Short of appointing a conservator, there is generally little that courts can do to protect persons who are prone to signing contracts without reading them from the natural consequence of their folly, the law being that a party who is afforded an opportunity to read a contract prior to signing but signs the contract without reading it, cannot be heard to say that he was deceived as to its contents. (*E.g.*, *Leon v. Max E. Miller & Son, Inc.* (1974), 23 Ill. App. 3d 694.) However, it is unnecessary for us to pass upon the trial court's findings on the questions of misrepresentation and unconscionability.

■■ It is clear from the face of the record that the parties never entered into an enforceable contract. It is fundamental that no person may be subjected by law to a contractual obligation, unless the character of the obligation is definitely fixed by express or implied agreement of the parties. (17 Am. Jur. 2d *Contracts* §75 (1964).) To be enforceable a contract must be so definite and certain in all of its terms that a court can require the specific thing contracted for to be done. Where the terms are not "clear, certain and free from ambiguity and doubt," an agreement is not an enforceable contract. (*Morey v. Hoffman* (1957), 12 Ill. 2d 125, 130; *Gale v. York Center Community Cooperative, Inc.* (1960), 21 Ill. 2d 86.) While terms which the law implies need not be expressed in an agreement and their absence will not render an agreement uncertain, it has been stated that "where the parties indicate an intention to leave some matters to be agreed on in the future, no implication with respect thereto is warranted." (17 Am. Jur. 2d *Contracts* §75 (1964).) When any essential term of an agreement is left to future negotiation, there is no binding contract. (See *Morey v. Hoffman* (1957), 12 Ill. 2d 125; Corbin on Contracts §129.) In this case, it is obvious that the arrangement under which the Hintzes were to retain possession of their farm for 10 years after its sale, was a crucial element of their agreement with Lazarus and the leasing of the farm was expressly stated to be a part of the consideration for the contract. Yet, the rental for the last nine years of this extended period was left entirely to future negotiations. No rental amount can be implied from the contract, even if otherwise justified, because the parties excluded any such implication when they expressly provided that rentals after the first year would be determined by agreement to be reached in the future. Conceivably, Lazarus, after the first year, could have demanded an increased rental, or additional or different terms or conditions, for succeeding years, which would have forced the Hintzes to abandon the property in direct contravention of the understanding that they would be able to continue to operate the farm for 10 years after the sale. In any event, it is clear that an essential term of the contract between the parties was left entirely to future negotiations, and under these circumstances, we hold that the contract was indefinite and not enforceable.

■■ A reviewing court can affirm a judgment of the trial court for reasons other than those relied upon by the trial court, *e.g., Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, and the judgment of the trial court will be sustained if it is correct, irrespective of whether the court's reasoning was correct. (*Peterson v. Norfolk & Western Ry. Co.* (1976), 42 Ill. App. 3d 570.) In this case we are uncertain regarding aspects of the trial court's findings on the questions of fraud and unconscionability, but find that the contract was too indefinite to support either an action in equity for

specific performance, or at law for breach of contract and money damages. Since there has been no cross appeal regarding the propriety of the trial court's order requiring the Hintzes to pay legal fees Lazarus incurred in preparing the contract, it is our decision that the judgment of the trial court should be affirmed.

Judgment affirmed.

NASH and WOODWARD, JJ., concur.