EDITH SAUERS, Plaintiff-Appellant, *v.* THE CITY OF WOODSTOCK *et al.*, Defendants-Appellees.

Second District   No. 82—520

Opinion filed March 8, 1983.

Richard W. Eicksteadt, of Pollock, Meyers, Eicksteadt & Arnold, Ltd., of Marengo, for appellant.

Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, Edith Sauers, appeals from an order of the circuit court of McHenry County which entered summary judgment against her and in favor of the defendants, the city of Woodstock (the city) and John Hayes, the city manager of Woodstock.

Her assignments of error on review are: (1) that the trial court improperly entered summary judgment for the defendants on count I of her amended complaint because the affidavit and exhibits supporting the defendants' motion for summary judgment did not comply with the requirements of Supreme Court Rule 191(a) (91 Ill. 2d R. 191(a)); and (2) that the granting of the defendants' motion for summary judgment on counts II and III of her amended complaint was erroneous for the reasons (a) that material issues of fact existed with respect to those counts which precluded the use of summary judgment procedure in this cause and (b) that the defendants' motion was only directed at count I.

The plaintiff filed a one-count complaint in the circuit court of McHenry County, pursuant to section 8.01a of the Fair Employment Practices Act (FEPA) (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a), in which she alleged that the defendants engaged in employment discrimination on the basis of sex and a physical disability (hearing impairment) when, on January 24, 1977, they discharged her from her position as an accounting clerk with the city of Woodstock.

The plaintiff filed a motion for leave to amend her complaint, which the trial court granted. Her amended complaint, which was brought against the same two defendants who had been named in the original complaint, consisted of three counts. Count I of the amended

complaint alleged essentially the same facts and cause of action as the original complaint, except that it was brought under section 9—102(B) of the Illinois Human Rights Act (IHRA) (Ill. Rev. Stat. 1981, ch. 68, par. 9—102(B)). It also added an additional paragraph which stated that the defendants had discriminated against the plaintiff because of her age.

The other two counts of the amended complaint alleged, in essence, that the defendants breached the employment contract which existed between the plaintiff and the city. More specifically, count II stated that the plaintiff had accepted, as part of her employment contract, the policies and procedures set forth in the city's Review Board Procedure and Personnel Plan and that the city had violated the employment contract by failing to comply with certain terms and conditions of those two documents. Both documents were attached as exhibits to the plaintiff's complaint. The defendants answered admitting that the plaintiff had accepted, as part of her employment contract, the above-mentioned standards, policies, and procedures; they denied, however, that they had violated the provisions of those documents. Count II further recited that the plaintiff had performed all the terms and conditions of the contract of employment, an allegation which the defendants denied. In addition, she alleged that she was discharged without just or sufficient cause, a statement the defendants also denied. Count II requested an award of monetary damages.

Count III alleged the same facts as count II but requested that the plaintiff be reinstated in her former position as an accounting clerk and that she be awarded backpay and accrued fringe benefits, with interest. The responses contained in the defendants' answer were the same as those directed to count II.

In their answer, the defendants raised an affirmative defense. The plaintiff did not reply to that defense. The defendants asserted in their defense that the plaintiff was discharged from her position as a general accounting clerk for four reasons: (1) poor work performance; (2) not directing telephone messages to proper people because of her hearing loss; (3) use of the telephone for personal calls; and (4) the "phasing out" of her position. The defense further recited that the plaintiff had filed a written complaint with the Chicago office of the Illinois Fair Employment Practices Commission (the Commission) on March 2, 1977, charging the defendants with unfair employment practices; that the Commission gave the defendants written notice of the charge on March 11 of that year; that, on October 24, 1978, the city of Woodstock filed a motion with the Commission to dismiss the charge; that the Commission responded on October 27, 1978, that the

plaintiff's complaint was still in the investigatory stage and that the city's motion was inappropriate at that time. The October 27 letter from the Commission to the city attorney, Michael Caldwell, which was attached to the answer as an exhibit, stated that the plaintiff's charge had not been processed through investigation and conciliation within 180 days. The affirmative defense also said that, according to the records of the Commission, as of April 30, 1979, there were no charges or investigations pending before the agency relative to the city of Woodstock. The defendants attached as exhibits to their answer the complaint which the plaintiff filed with the Commission and the correspondence between the city and the Commission to which the defendants referred in their affirmative defense.

The gravamen of the defendants' affirmative defense was that section 9—102(B) of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 9—102(B)), upon which, they alleged, the plaintiff relied in bringing her lawsuit in the circuit court, was unconstitutional because it (1) denied the defendants equal protection of the law and due process by reviving a previously barred cause of action and (2) constituted prohibited special legislation. (See *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 33.) Consequently, they asserted that due to the unconstitutionality of section 9—102(B), the plaintiff's suit in the circuit court was barred.

The defendants filed a motion for summary judgment in which they raised the same matters asserted in their affirmative defense. Included as part of the motion for summary judgment were the same exhibits that were incorporated as part of the affirmative defense, as well as an affidavit by the city attorney. The record reveals that the plaintiff did not file a response to the motion for summary judgment, a counteraffidavit, or any other document.

In his affidavit, Michael Caldwell related that he was an attorney for the defendants and was authorized to make the affidavit in support of the motion for summary judgment. The affiant stated that he was the city attorney for the city for Woodstock during all times material to the present cause of action and that he was aware of the unfair employment practice claim which the plaintiff had filed with the Commission. He further stated that the exhibits which were included as part of the motion for summary judgment were true, correct, and accurate copies of all documents which either the city or the affiant had received in connection with the plaintiff's claim of an unfair employment practice.

The trial court granted the defendants' motion for summary judgment. In its order, the trial court concluded, in agreement with the

defendants' theory, that section 9—102(B) of the Illinois Human Rights Act was unconstitutional in that it constituted special legislation and also denied the defendants equal protection and due process. After finding that no genuine issues of material fact existed, the court below entered judgment, as a matter of law, for the defendants and against the plaintiff.

The plaintiff filed a "motion to vacate summary judgment and for rehearing" on May 5, 1982. In that motion, she alleged that only count I of her complaint was predicated on section 9—102(B) of the IHRA; she stressed that counts II and III were based on a claim of a breach of her employment contract. Accordingly, she concluded that the defendants' motion for summary judgment was directed solely to count I of her complaint. In addition, she argued that material issues of fact existed with respect to counts II and III of her complaint. Lastly, the plaintiff maintained that the affidavit and supporting documents or exhibits which were included as part of the defendants' motion for summary judgment were legally deficient because they did not comply with the requirements of Supreme Court Rule 191 (91 Ill. 2d R. 191). Attached to the plaintiff's motion were the affidavit of her attorney, her own affidavit, and numerous exhibits relating to her employment relationship with the city.

The court below denied the plaintiff's motion to vacate. The plaintiff appealed from both the original summary judgment and the subsequent denial of her motion to vacate that judgment.

Two issues are presented: (1) Did the trial court improperly enter summary judgment for the defendants and against the plaintiff and (2) Were the affidavit and attached exhibits submitted in conjunction with the motion for summary judgment violative of Supreme Court Rule 191(a) (91 Ill. 2d R. 191(a)) such that the trial court should not have considered them in ruling on the motion.

Preliminarily, we note that the plaintiff pleaded a cause of action for employment discrimination or unfair employment practice in count I of her amended complaint and, in our opinion, a separate and distinct cause of action for breach of her employment contract in counts II and III. Although counts II and III of the amended complaint contain a single, fleeting reference to the Illinois Human Rights Act, upon which count I is predicated, it is clear that the gravamen of the latter two counts is an action sounding in breach of contract, not employment discrimination. The passing reference to the IHRA in counts II and III should be treated as surplusage, because that single comment does not, by itself, state a cause of action separate and distinct from the breach of employment contract claim. Counts II and III

plead only a cause of action for breach of the employment contract. (See *Bates & Rogers Construction Corp. v. North Shore Sanitary District* (1980), 92 Ill. App. 3d 90, 94.) Furthermore, counts II and III reasonably informed the defendants of the nature of the breach of employment contract claim. (Ill. Rev. Stat. 1981, ch. 110, par. 42(2), recodified as Ill. Rev. Stat. 1981, ch. 110, par. 2—612(b).) The present case is clearly distinguishable from *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 420-23. Also, the defendants never raised the alleged pleading defect in the trial court. Therefore, we conclude that, under section 33(2) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 33(2)), recodified as section 2—603(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—603(b)), the plaintiff's complaint contains different causes of action which were pleaded, designated, and numbered in separate counts. Because the plaintiff's complaint pleaded two distinct theories of recovery in the trial court, we will discuss those alleged causes of action separately for purposes of determining whether the trial court properly entered summary judgment for the defendants.

COUNT I

■ On appeal, the plaintiff first contends that the trial court improperly entered summary judgment on count I of her amended complaint because the affidavit of city attorney Caldwell and the attached exhibits or documents submitted in support of the motion did not comply with the requirements of Supreme Court Rule 191(a) (91 Ill. 2d R. 191(a)). We believe that the plaintiff's position is not meritorious.

Count I of the plaintiff's amended complaint for employment discrimination or unfair employment practice was predicated upon section 9—102(B) of the Illinois Human Rights Act (IHRA) (Ill. Rev. Stat. 1981, ch. 68, par. 9—102(B)). In 1979, the legislature passed the IHRA (Ill. Rev. Stat. 1980 Supp., ch. 68, par. 1—101 *et seq.*), which repealed and superseded the Illinois Fair Employment Practices Act (FEPA) (Ill. Rev. Stat. 1977, ch. 48, par. 851 *et seq.*); the IHRA incorporated substantially all of the provisions found in the FEPA.

Under the terms of section 8.01(a) of the FEPA (Ill. Rev. Stat. 1977, ch. 48, par. 858.01(a)), which was in force at the time (March 2, 1977), the plaintiff filed her charge before the Illinois Fair Employment Practices Commission, the Commission was required to issue, within 180 days of the plaintiff's charge, either a complaint or an order that no complaint would issue. The Illinois Supreme Court has determined that the 180-day period is mandatory, and that, generally,

the Commission must act within 180 days. (See *Board of Governors v. Illinois Fair Employment Practices Com.* (1979), 78 Ill. 2d 143, *appeal dismissed sub nom. Zackai v. Board of Governors* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54; *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61.) It appears that the practical effect of those decisions was to deny a complainant access to the circuit court (see Ill. Rev. Stat. 1977, ch. 48, par. 860) in cases where the Commission had not completed action on the complaint, one way or the other, within 180 days.

.     In 1978, the Illinois legislature added section 8.01a to the FEPA (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a). That section created a remedy for those individuals whose discrimination charges were not acted upon by the Commission within the 180-day statutory time limit. In relevant part, section 8.01a states:

> "In the case of any charge of an unfair employment practice which has been properly filed with the Commission prior to March 30, 1978, which has not been settled or adjusted by conference and conciliation under Section 8, and which within 180 days thereafter has not been the subject of a complaint issued by the Commission or an order that no complaint be issued, the person filing the charge may seek appropriate injunctive or other relief by filing an action in the circuit court of the county where the alleged unfair employment practice occurred ***."
> (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a.)

Section 9—102(B) of the IHRA, which is virtually identical to section 8.01a of the FEPA, similarly provides a remedy for persons whose FEPA charges were not addressed or resolved within the requisite statutory period.

Prior to the time the plaintiff filed her amended complaint in this cause, our supreme court determined that section 9—102(B) amounted to unconstitutional special legislation and also violated the equal protection and due process clauses of the Constitution of the State of Illinois. (*Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 33.) Under the *Wilson* decision, it is manifest that section 9—102(B) is void and that no rights can be based upon it. We note that the defendants' affirmative defense and motion for summary judgment relied solely upon the authority of *Wilson v. All-Steel, Inc.*

While at first glance *Wilson v. All-Steel, Inc.* would appear (1) to sound the death knell of the plaintiff's cause of action and (2) to support the trial court's decision to grant summary judgment on count I, two opinions subsequent to *Wilson* (see *Logan v. Zimmerman Brush*

*Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148; *Lott v. Governors State University* (1982), 106 Ill. App. 3d 851), cast serious doubt on the validity of the trial court's reliance on the *Wilson* decision.

In *Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, *rev'd sub nom. Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148, Logan filed an employment discrimination charge with the Commission, which was required to convene a factfinding conference within 120 days of Logan's charge (Ill. Rev. Stat. 1979, ch. 48, par. 858(b)). When the Commission failed, due to administrative delay for which Logan was not responsible, to hold the conference within the requisite period, Logan filed a petition for a writ of prohibition in our supreme court. In responding to that petition, the Illinois Supreme Court held that the 120-day period was mandatory and that, therefore, the Commission lacked jurisdiction to consider Logan's charge. (82 Ill. 2d 99, 104.) The United States Supreme Court reversed the Illinois Supreme Court, holding that Logan's access to the FEPA's adjudicatory procedures was a protected property interest under the due process clause of the fourteenth amendment. (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 428.33, 71 L. Ed. 2d 265, 273-76, 102 S. Ct. 1148, 1153-56.) Accordingly, the court determined that Logan was entitled to have the Commission consider the merits of the charge. 455 U.S. 422, 434, 71 L. Ed. 2d 265, 277, 102 S. Ct. 1148, 1157.

In *Lott v. Governors State University* (1982), 106 Ill. App. 3d 851, the plaintiff timely filed a charge of employment discrimination with the Commission, which did not act upon the complaint within the requisite 180-day statutory period. His claim was thereby defeated due to administrative inaction. He then filed a complaint in the circuit court, which dismissed the suit on jurisdictional grounds. While the appellate court recognized that the plaintiff could not rely on section 9—102(B) of the IHRA because the Illinois Supreme Court had declared that section unconstitutional, it nevertheless concluded, relying upon the United State Supreme Court's decision in *Logan v. Zimmerman Brush Co.*, that the plaintiff had a protected property interest in his employment discrimination claim and could not be deprived of that interest by the inaction of the Commission without offending the constitution. (106 Ill. App. 3d 851, 854.) The *Lott* court determined that the plaintiff there was entitled to have the Department of Human Rights and the Human Rights Commission (the successors of the FEPC) consider the merits of his discrimination claim in accordance with the procedures enumerated in articles 7 and 8 of the IHRA. See Ill. Rev.

Stat. 1981, ch. 68, pars. 7—102, 8—102.

Concluding that the Department of Human Rights (the Department) and the Human Rights Commission were necessary parties in that lawsuit, the court in *Lott* directed the trial court, upon remand, to allow the plaintiff to amend his complaint to add those entities as defendants (see Ill. Rev. Stat. 1981, ch. 110, par. 26, recodified as Ill. Rev. Stat. 1981, ch. 110, par. 2—407). The trial court was also directed to order the Department to accept and process the plaintiff's charge as provided in the IHRA. Finally, the *Lott* opinion stressed that there was no limitation problem involved there, because the plaintiff's original charge was brought in timely fashion before the FEPC.

The facts of the present case mirror very closely those presented in *Lott*. Here, as in *Lott*, the plaintiff was prevented from having her employment discrimination claim disposed of before the FEPC due to administrative inaction of the Commission; was denied relief in the trial court; and did not raise on review the theory of relief which would justify the appellate court in reversing and remanding the cause. Similar to *Lott*, here the plaintiff's claim was timely filed before the Commission, as it was brought less than 180 days after the unfair employment practice allegedly occurred (see Ill. Rev. Stat. 1977, ch. 48, par. 858). We adopt the rationale employed in *Lott* and adhere to the result reached in that case and, therefore, the trial court erred in entering summary judgment for the defendants on count I of the plaintiff's complaint.

COUNTS II AND III

■■■ The thrust of the plaintiff's challenge here is that, with respect to counts II and III of her amended complaint, the pleadings presented genuine issues of material fact, thereby precluding the use of the summary judgment procedure in this cause. The plaintiff points out, correctly, that the defendants' motion for summary judgment related only to the unconstitutionality of section 9—102(B). At no place in that motion did the defendants address the breach of employment contract claims which the plaintiff asserted in counts II and III.

Recently, this court has had occasion to articulate the well-recognized principles which guide an appellate court's review of a trial court's disposition of a motion for summary judgment. It is axiomatic that summary judgment is a proper procedure when the pleadings, together with the depositions, affidavits, and other material filed in support and in opposition to the motion, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law. (*Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 325.) The purpose of a summary judgment proceedings is not to try an issue of fact but rather to determine whether there is an issue of fact to be tried, and a reviewing court will reverse an order granting summary judgment if it is determined that a question of material fact exists. (*Schnabel v. County of Du Page* (1981), 101 Ill. App. 3d 553, 560.) Although summary judgment provides a means of disposing of cases with dispatch, it is a drastic method which should be employed only in cases in which the moving party's right to it is free from doubt. (*Smith v. St. Therese Hospital* (1982), 106 Ill. App. 3d 268.) Where the facts contained in an affidavit in support of a motion for summary judgment are not contradicted by a counteraffidavit, those facts are admitted and must be taken as true. *Heidelberger v. Jewel Companies, Inc.* (1974), 57 Ill. 2d 87, 92-93.

From our review of the record, and for the reasons set forth below, we conclude that the pleadings presented to the trial court in the summary judgment proceeding contained disputed material facts regarding the plaintiff's allegations, in counts II and III of her amended complaint, that the defendants breached her employment contract with the city. In our opinion, the existence of the genuine issues of material fact precluded the entry of summary judgment in this case. In addition, the record in its present state does not establish, as a matter of law, that the plaintiff's claim of a breach of her employment contract is without merit.

■ In our opinion, the plaintiff's amended complaint and the defendants' answer raised issues of material fact, and the defendants did not supply any evidentiary facts by affidavit or deposition which would show either that there were no remaining genuine issues of material fact or that the defendants were entitled to judgment, as a matter of law, on those counts (see *Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 326). For example, counts II and III of the amended complaint, among other things, alleged that the plaintiff performed all the terms and conditions of the contract of employment into which she had entered with the city and that the city unlawfully discharged her without just or sufficient cause. In their answer, the defendants denied all those allegations. Based on the conflicting nature of the pleadings with respect to the question whether the city had "good cause," under its personnel rules, to discharge or dismiss the plaintiff, a material question of fact exists on this subject. In particular, the plaintiff alleged that she had performed all the conditions and terms of her employment contract, an allegation the defendants denied. The defendants' affirmative defense and the letter that the plaintiff filed

with the Commission, which was included as an exhibit to both the defendants' answer and motion for summary judgment, reveal that one of the reasons the plaintiff was terminated was "poor work performance." However, the reasonable inference we draw from the plaintiff's allegations in her complaint—that she dutifully performed the terms and conditions of her employment contract—is that she alleged, in essence, that her work performance was satisfactory.

We point out, in addition, that there is no indication in the record before this court that the defendants introduced, in their pleadings, affidavit or supporting documents, any underlying facts to supports the four alleged reasons for discharging the plaintiff. Thus, the trial court was never presented any evidence upon which it could determine whether the charges were well founded and whether, as a matter of law, they constituted good cause for terminating the plaintiff. Further, neither the defendants' affirmative defense nor their motion for summary judgment expressly addressed the breach of contract claims which the plaintiff raised in her amended complaint and the trial court's summary judgment refers only to the unconstitutionality of section 9—102(B) of the IHRA and makes no reference, either directly or indirectly, to the contractual claims of counts II and III.

Because these are genuine issues of material fact raised by the complaint and answer, and because there is no evidence in the record that the trial court was presented with sufficient undisputed facts to allow it to determine, as a matter of law, that the plaintiff was discharged for good cause, with respect to counts II and III of the plaintiff's amended complaint, summary judgment was erroneously granted in behalf of the defendants.

Because of our disposition of this issue, we find it unnecessary to resolve the second issue raised by the plaintiff relating to the sufficiency of the affidavit and attached exhibits in conjunction with the motion for summary judgment.

We now turn to an issue which the defendants argue in their brief.

The defendants' contention is that the plaintiff's statement of facts fails to conform to the law in two regards. In the first place, they maintain that the plaintiff's statement of facts does not contain the necessary citations to the record in violation of Supreme Court Rule 341(e)(6) (91 Ill. 2d R. 341(e)(6)). Secondly, they maintain that this court should disregard certain matters contained in the plaintiff's proposed report of proceedings because the trial court did not certify the bystander's report as an accurate representation of the proceedings.

Our examination of the record reveals that the plaintiff has substantially complied with Rule 341(e)(6), for her statement of facts does cite to the appropriate references in the record. However, the defendants correctly point out that the plaintiff's statement of facts (1) contains references to an uncertified report of proceedings and (2) in reliance on that uncertified bystander's report, relates the purported arguments of the parties before the trial court at the hearings held on the defendants' motion for summary judgment and on the plaintiff's motion to vacate the entry of summary judgment. We note, however, that the record does not contain any evidence of what occurred at those hearings other than the matters related in the plaintiff's uncertified bystander's report. Therefore, as the defendants properly argue, this court may not consider any statements of fact in the plaintiff's brief where the sole support in the record for those statements is found in the uncertified and, hence, legally insufficient, proposed report of proceedings.

The decision of the circuit court of McHenry County is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded with directions.

SEIDENFELD, P.J., and REINHARD, J., concur.