SHARON SCHMOLKE *et al.*, Plaintiffs-Appellees, v. HIGHLAND BUT-TERFIELD, INC., *et al.*, Defendants-Appellants (Cemetery Management Corporation *et al.*, Defendants).

Second District   No. 2—83—0961

Opinion filed November 9, 1984.

Mary E. Rosen, of William J. Harte, Ltd., of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz and James C. Spoeri, Assistant Attorneys General, of counsel), for appellee Tyrone C. Fahner.

Rodney W. Equi, of Donovan & Roberts, P.C., of Wheaton, for other appellees.

JUSTICE NASH delivered the opinion of the court:

Defendants, Highland Butterfield, Inc., Michael Fumo, George Savoy and Ed Rose, appeal from a summary judgment which enjoined them from interfering with the graves in Allerton Ridge Cemetery and use of the property for other than cemetery purposes. Defendants also appeal from the denial of their motion for summary judgment against plaintiffs, who are 125 individuals alleged to have an interest in plots contained in the cemetery or related to persons buried therein, and the Illinois Attorney General.

The dispositive issue of this case is whether the corporate authorities of a village are authorized to cause the remains of persons buried in a cemetery to be removed pursuant to "An Act to provide for the removal of cemeteries" (Cemetery Act) (Ill. Rev. Stat. 1979, ch. 21, par. 2). That act provides as follows:

"Whenever any cemetery is within the limits of any town, the corporate authorities thereof may, if, in their opinion, any good cause exists why such cemetery should be removed, cause the remains of all persons interred therein to be removed to some other suitable place. Such corporate authorities shall first obtain the assent of the trustees or other persons having the control or ownership of the cemetery, or a majority thereof. When such cemetery is owned by one or more private parties, or private corporation or chartered society, the corporate authorities of such town may require the removal of such cemetery to be done at the expense of such private parties, or private corporations or chartered society, if such removal is based upon their application."

This action was precipitated by plans of defendant owners of Allerton Ridge Cemetery to convert it, in part, to a planned unit development with shopping district, multiple dwellings and commercial uses. The cemetery has been used for burial purposes for many years and was located adjacent to the village of Lombard in the town of York in Du Page County; it is comprised of approximately 50 acres, 38 of which defendants wish to develop for the other uses. Under the proposed plan, the central 12 acres of the property would be retained for cemetery purposes and the land surrounding that area would be developed. In order to do so, however, it would become necessary to disinter more than 150 bodies for reburial in the central 12-acre area.

In furtherance of its plan, defendants requested annexation of the 50-acre cemetery tract to the village of Lombard, together with a change in zoning from cemetery use to B-3, Community Shopping District, which permitted business and residential use. Defendants entered into an annexation agreement with the village board of trustees in which it was found that development of the property would be beneficial to the village by increasing its tax base and that the commercial uses would generate additional revenues and promote development of the village. The agreement also provided for dedication of part of the cemetery property to the village as a well site and for a contribution of $25,000 to the village by defendants for cost of an exit ramp from the nearby East-West Tollway. It further stipulated that annexation and zoning ordinances to be adopted would incorporate the provisions of the Cemetery Act. In May 1980, the village board of trustees adopted the annexation and rezoning ordinances of the cemetery property.

This action was commenced in October 1981 by the plaintiffs, who are friends or relatives of persons buried in the cemetery. Their com-

plaint for injunctive relief alleged that agents of the owners were removing caskets of deceased persons without first obtaining the consent of relatives and without compliance with section 1 of the Cemetery Act (Ill. Rev. Stat. 1981, ch. 21, par. 2). A temporary restraining order was issued against defendants, and the trial court *sua sponte* appointed the Illinois Attorney General to represent those persons buried in the cemetery whose interests were not represented and whose next of kin were not ascertained. The Attorney General accepted the appointment and filed a separate complaint for the same relief.

Defendants answered the complaints and both sides ultimately presented motions for summary judgment. The plaintiffs' motion was supported by affidavits of four village trustees in which they essentially stated that the board of trustees had not been requested to make a finding of good cause why the cemetery should be vacated and had not done so. Also, that the matters voted upon and discussed regarding the cemetery related only to the annexation and rezoning of the property. Defendants supported their motion with the annexation and rezoning documents, including the annexation agreement. They also submitted affidavits to the effect that their development plans for the cemetery were submitted to and understood by the village board of trustees and it was the owners' intent to comply with the Cemetery Act.

In granting summary judgment to plaintiffs and denying defendants' motion, the trial court found there was no genuine issue of fact remaining for determination as to the essential issue before it of whether defendant owners of the cemetery and the village of Lombard had complied with the provisions of the Cemetery Act. The court determined the "good cause" requirements of the Act had not been met and plaintiffs were entitled to judgment as a matter of law. Defendants appeal.

Summary judgment is properly entered when the pleadings, depositions and admissions on file, together with any affidavits submitted, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In determining whether the moving party is entitled to summary judgment, the court must construe the pleadings and other appropriate documents before it strictly against the movant and liberally in favor of the opponent. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 398, 415 N.E.2d 397.) The function of a reviewing court is to determine whether the trial court correctly ruled that no genuine issue of material fact had been raised and, if not, whether judgment was correctly

entered as a matter of law. In reviewing a trial court's entry of summary judgment, we are not limited to the precise reasons cited by that court in entering summary judgment. *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 21, 414 N.E.2d 865, *appeal denied* (1981), 83 Ill. 2d 569; *Murphy v. Rochford* (1977), 55 Ill. App. 3d 695, 698, 701, 371 N.E.2d 260.

In this court, as in the trial court, the arguments of the parties focus upon whether the requirements of the Cemetery Act have been met. Defendants contend that the village of Lombard implicitly determined that "good cause exists why such cemetery should be removed" (Ill. Rev. Stat. 1979, ch. 21, par. 2) by finding it was in the best interests of the village to annex the property and rezone it for development purposes. Plaintiffs assert that under the standards set forth in *Smith v. Ladage* (1947), 397 Ill. 336, 74 N.E.2d 497, the village could not and did not make the requisite "good cause" determination of the Cemetery Act.

We agree that the trial court correctly entered summary judgment for plaintiffs, and denied defendants' similar motion, but do so on the grounds that the village had no authority to cause removal of the cemetery.

The Cemetery Act (Ill. Rev. Stat. 1979, ch. 21, par. 2) provides in pertinent part: "Whenever any cemetery is within the limits of any *town*, the corporate authorities thereof may, if, in their opinion, any good cause exists why such cemetery should be removed, cause the remains of all persons interred therein to be removed to some other suitable place." (Emphasis added.)

The Act relied upon by the parties gives only a town, not a village, the power to remove a cemetery. The term "town" has been held to denote a township organized under the Township Act (Ill. Rev. Stat. 1979, ch. 139, par. 1 *et seq.*), and not a chartered or incorporated municipality such as a village. (*Phillips v. Town of Scales Mound* (1902), 195 Ill. 353, 357, 63 N.E. 180; *In re Town of Lisbon Election* (1982), 104 Ill. App. 3d 115, 117, 432 N.E.2d 641.) No evidence is shown in the record that the corporate authorities of the town of York, in which the cemetery is located, have considered or acted upon the question of removal of the cemetery. The defendants' annexation and zoning transactions with the village of Lombard, regardless of the question whether that constituted an implied finding of good cause under the Cemetery Act, cannot establish compliance with the Act as it does not authorize a village to remove cemeteries.

There is a provision of the Illinois Municipal Code which authorizes the corporate authorities of a city to remove a cemetery on the

same basis as may a town under the Cemetery Act. (See Ill. Rev. Stat. 1979, ch. 24, par. 11—51—1.) As villages are not included in the provision, however, that statute may not be considered as authority for a village to exercise the power. (See *Village of DePue v. Banschbach* (1916), 273 Ill. 574, 580, 113 N.E. 156.) While the Illinois Municipal Code generally applies to all incorporated municipalities, the Code also provides that if a particular section is limited to cities, and does not include villages, then that intention shall prevail (Ill. Rev. Stat. 1981, ch. 24, par. 1—1—4). See also Ill. Rev. Stat. 1979, ch. 24, par. 11—52.1—1, whereby villages are authorized, in circumstances not relevant to this case, to control or vacate certain public graveyards.

We conclude that plaintiffs were entitled to summary judgment, as it is apparent on the record before us that compliance with the Cemetery Act is not shown.

Accordingly, the judgment of the circuit court will be affirmed.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.