NATHANIEL YORKE, Trustee of the Bankrupt Estate of Vinylclad, Inc., Plaintiff-Appellant, v. THE B.F. GOODRICH COMPANY, Defendant-Appellee.

Second District   No. 84—193

Opinion filed January 23, 1985.

James H. Knippen II, of Huck & Walsh, and R. Craig Loveless, both of Wheaton, for appellant.

Rodney W. Equi, of Donovan & Roberts, P.C., of Wheaton, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Nathaniel Yorke, as trustee of the bankrupt estate of Vinylclad, Inc. (plaintiff), sued defendant B.F. Goodrich Company (defendant) in a complaint filed in the circuit court of Du Page County on June 21, 1982. The complaint alleged that defendant breached an oral contract entered into between the parties more than six years earlier on April 7, 1976, wherein defendant agreed to provide technical assistance in the plaintiff's operation of certain extruders. Plaintiff alleges that as a result of the breach, plaintiff's extruders were damaged and it was unable to meet its production quota of good quality vinyl siding.

The case was originally dismissed without prejudice for want of

prosecution. Plaintiff then amended count I of the complaint by adding to the second paragraph that the "case was filed pursuant to provisions of section 24 of the Limitations Act. Ill. Rev. Stat. 1979, ch. 83, par. 24(a)."

After taking the discovery depositions of plaintiff's president, Robert P. Holtz, and Leonard Sansone, plaintiff's expert witness, defendant filed a motion for summary judgment. Defendant maintained in its motion that the technical assistance described in plaintiff's complaint was provided only as a part of the sale of product and that, therefore, the contract action was governed by the four-year statute of limitations of section 2—725 of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 2—725). The motion was not supported by affidavits. In response, plaintiff maintained that the applicable period of limitations was that contained in the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 16). Plaintiff also provided an affidavit of Robert T. Holtz and a memorandum of law in support of its position.

Although Mr. Holtz was president of plaintiff, he had been an employee of defendant for over 18 years and stated that the scope of the customary technical assistance provided by defendant to its customers was limited to initial meetings with the customer's technical personnel followed by continuing advice in the form of the distribution of periodic technical bulletins to the customer. In paragraphs 6 and 7 of Mr. Holtz' affidavit he alleges that an agreement existed between defendant and plaintiff wherein defendant agreed to provide extraordinary technical assistance beyond that which was customary. He stated that defendant was to provide personnel to set up conditions of operation of plaintiff's equipment and to train plaintiff's personnel on all shifts as to the operation and maintenance of the equipment, thus acting in the role of production and maintenance manager. Paragraph 8 of Mr. Holtz' affidavit stated:

> "That the consideration for Defendant's providing that type of extraordinary assistance was Plaintiff's continued purchase of materials from Defendant and Plaintiff's production of vinyl siding at a level necessary to keep Alcoa's and U.S. Gypsum's requirements satisfied and to keep them committed to the sale and distribution of vinyl products."

Mr. Holtz further averred that he knew of no other instance where defendant had provided the same type of extraordinary assistance to any other customer. Defendant's commitment was unique to plaintiff.

Defendant filed no counteraffidavits. Its answer to Holtz' affidavit and plaintiff's memorandum of law was a document excerpting the deposition testimony of Holtz and Leonard Sansone, plaintiff's expert,

as well as citation of law.

After submission of the memoranda of law, portions of the depositions of Holtz and Sansone, the affidavit of Holtz, and after oral argument, the trial court concluded that the contract between the parties appeared to be a contract for the sale of goods and that therefore an action for its breach must be commenced within four years pursuant to section 2—725 of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 2—725). The trial court granted defendant's motion for summary judgment inasmuch as the complaint had been filed after the four-year statute of limitations of the Uniform Commercial Code.

Plaintiff asserts on appeal that there is a genuine dispute as to whether the contract is one for the sale of goods or for services. Plaintiff further contends that there was an oral contract for services with defendant and that the consideration for the contract was plaintiff's purchase of vinyl pellets from defendant.

Defendant contends that the action is barred by the period of limitations under the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 2—725). In particular, defendant contends that there was no consideration given for the alleged technical assistance. Rather, assistance was provided only as a part of the sale of defendant's product, and, therefore, the action is governed by the Uniform Commercial Code's period of limitations. Additionally, defendant asserts that Mr. Holtz' affidavit contains only conclusory allegations, which do not create an issue of material fact.

Summary judgment is properly entered when the pleadings, depositions and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (See, *e.g., Schmolke v. Highland Butterfield, Inc.* (1984), 128 Ill. App. 3d 710, 712, 471 N.E.2d 227, 229; *Yusef v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 540-41, 458 N.E.2d 575, 581; *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 938-39, 453 N.E.2d 1133, 1136; *Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 900-01, 446 N.E.2d 896, 902.) The function of the reviewing court is to determine whether the trial court correctly ruled that no genuine issue of material fact had been raised, and if not, whether judgment was correctly entered as a matter of law. *Schmolke v. Highland Butterfield, Inc.* (1984), 128 Ill. App. 3d 710, 712-13, 471 N.E.2d 227, 229.

In addressing the first criterion, we conclude that the trial court correctly determined that there was no genuine issue of material fact raised by the pleadings, affidavits or depositions. While it is true, as plaintiff contends, that ordinarily the existence, terms and conditions of an oral contract and the intent of the parties are questions to

be determined by the trier of fact (*Emmenegger Construction Co. v. King* (1982), 103 Ill. App. 3d 423, 427, 431 N.E.2d 738, 742), these questions may become questions of law if the facts are undisputed and there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053, 1057, 291 N.E.2d 202, 205.) In the present case, there is no dispute as to the existence of the oral contract or its terms. Moreover, the question of construction of a contract, where material facts are not disputed, is a question of law. (*Rymer v. Kendall College* (1978), 64 Ill. App. 3d 355, 359, 380 N.E.2d 1089, 1092.) We find, therefore, that the present case involves a question of law and not a question of fact.

The remaining issue is whether defendant is entitled to summary judgment as a matter of law. The test of the applicability of the Uniform Commercial Code to the instant transaction is whether the predominant purpose of the contract is for services or for the sale of goods. *Executive Centers of America, Inc. v. Bannon* (1978), 62 Ill. App. 3d 738, 742, 379 N.E.2d 364, 367. See also *Pittsburgh-Des Moines Steel Co. v. Brookhaven Manor Water Co.* (7th Cir. 1976), 532 F.2d 572.

■ In the instant case, it is apparent that the transaction is predominantly one for the sale of goods. The transaction involved the sale of defendant's vinyl pellets to plaintiff for its production of vinyl siding. In particular, Mr. Holtz' affidavit establishes that the consideration for defendant's providing that type of extraordinary assistance was plaintiff's continued purchase of materials from defendant. On the other hand, there is nothing in the record to indicate that the transaction was predominantly a sale of services with the sale of goods only incidental thereto. See, *e.g., Carroll v. Grabavoy* (1979), 77 Ill. App. 3d 895, 396 N.E.2d 836; see also Annot., 4 A.L.R.4th 85 (1981); see also Annot., 5 A.L.R.4th 501 (1981).

Concluding as we do that the transaction was one predominantly for the sale of goods, it follows that the contract is controlled by the limitations period contained in the Uniform Commercial Code. (Ill. Rev. Stat. 1979, ch. 26, par. 2–725.) Plaintiff's complaint is barred by the statute of limitations. We affirm the order of the circuit court of Du Page County granting summary judgment in favor of defendant.

Affirmed.

NASH, P.J., and REINHARD, J., concur.