**HYMAN FREIGHTWAYS, Appellant,**

v.

**CAROLINA FREIGHT CARRIERS CORPORATION, Appellee.**

**No. 90–5527.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1991.

Decided Aug. 16, 1991.

olina. The district court concluded that no contract existed between the parties and that Hyman had failed to establish the elements of promissory estoppel. We affirm the district court's judgment.

## I. BACKGROUND

Hyman and Carolina both leased space at a trucking terminal in Hillside, Illinois from Bellemeade Development Corporation. Hyman's lease was to expire on October 31, 1989, but Hyman was moving to another facility under a lease it had signed on or before August 1, 1988. Hence, Hyman needed an assignee to fulfill the balance of its original lease at Hillside. Carolina was a likely candidate because it was considering purchasing the entire Hillside facility to operate a break-bulk plant and needed the entire space, including the space leased to Hyman.

Through the services of a real estate agent, Phyllis Sutker, Hyman and Carolina corresponded about Carolina's assumption of Hyman's lease. By a letter dated July 25, 1988, Sutker advised Carolina that Hyman would be vacating by August 31, 1988, and that another company was interested in the Hyman space. Sutker suggested that Carolina needed to make a decision quickly and asked for a reply as soon as possible. After a telephonic discussion, Carolina replied to Sutker by a facsimile transmittal dated August 5, 1988 (hereinafter the "August 5 fax"):

> Please use this letter to confirm our phone conversation earlier today, wherein we agreed to assume the Lease ... between Hyman ... and Bellemeade.... The effective date of the Lease Assignment will be approximately September 15, 1988, the actual date to be determined by mutual consent once Hyman has totally vacated the leased premises.
>
> The Lessor shall prepare an assignment document immediately for the approval and signatures of all parties, including Lessee, Lessor and Assignee. We will be assuming the Lease in its entirety except for the following:

Frank Dvorak, argued (Bradley Schmidt, on brief), Minneapolis, Minn., for appellant.

David Donna, Minneapolis, Minn., for appellee.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The appellant, Hyman Freightways (Hyman), seeks reversal of the district court's [1] grant of summary judgment to the appellee, Carolina Freight Carriers Corporation (Carolina), on Hyman's breach of contract and promissory estoppel suit against Car-

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

. . . .

Appellant's Appendix at 80.

Though the record reflects that Hyman's counsel corresponded with Bellemeade's counsel in mid-September and early October of 1988 concerning the Carolina assumption, no assignment document was ever signed by any of the parties. An unsigned document titled "Assumption of Industrial Building Lease" appears in the Appellant's Appendix at 115–17 and reflects an effective date of assignment of November 1, 1988. While the district court concluded that Carolina would have agreed to no date later than October 1, 1988, Hyman's actual departure came over a three-day period, October 15–17, 1988, at which time Hyman gave the keys to its facilities at Hillside to a representative of Carolina.

By separate letters dated October 31, 1988, Carolina rescinded its offer to buy the Hillside facility from Bellemeade and advised Hyman that it was "withdraw[ing] its Offer to Assume the Lease between Bellemeade ... and Hyman ... for the property in Hillside, Illinois as referenced in [the] letter of August 5, 1988 to Phyllis Sutker...." Appellant's Appendix at 121. Hyman did not locate a sublessee and remained responsible for the entire term of its lease at Hillside.

Hyman sued Carolina in Minnesota state court to enforce the purported lease assignment evidenced by the August 5 fax, and in March 1989 Carolina removed the case to federal district court. Thereafter, the district court ruled on a summary judgment motion submitted by Carolina. By order dated September 19, 1990, the district court granted summary judgment to Carolina on Hyman's breach of contract and promissory estoppel claims.

## II. DISCUSSION

■ Our review is de novo, drawing all reasonable factual inferences in favor of the non-movant, *Terry A. Lambert Plumbing v. Western Security Bank*, 934 F.2d 976, 979 (8th Cir.1991) (quoting *Johnson v. Enron*, 906 F.2d 1234, 1237 (8th Cir.1990)), and according to *Salve Regina College v.*

*Russell*, — U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991), our review of the district court's determination of state law is also de novo. However, the non-movant "must establish significant probative evidence to prevent summary judgment." *Johnson*, 906 F.2d at 1237 (citation omitted).

### A. Breach of Contract

■ Though we must draw reasonable inferences in Hyman's favor, this case begins with a question that admits of few, if any, fact inferences—whether a contract existed between the parties. Hyman has suggested that whether a contract exists is a fact question for a factfinder. Though we are of the view that whether a contract exists is a law question, some Illinois case law supports Hyman's view.[2] Regardless of whether the question is one of law or fact, when considering a motion for summary judgment the determination to be made is whether any material facts are disputed, and if none are disputed summary judgment is appropriate. The only issue in this case is whether there is a document that evidences a contract. Even if Hyman is correct that whether a contract exists is a fact question, the district court could appropriately reach the question on summary judgment if the lack of a material fact dispute admits of but one conclusion. *See Yorke v. B.F. Goodrich Co.*, 130 Ill. App.3d 220, 85 Ill.Dec. 606, 608, 474 N.E.2d 20, 22 (1985). We conclude that there is no factual dispute and that Hyman has not suggested any evidence to preclude summary judgment for Carolina.

■ An assignment of the Hyman space, being for a term longer than one year, would be an interest in land that would have to be evidenced by a writing to comply with the Illinois statute of frauds. Ill. Rev.Stat. ch. 59, para. 2 (West 1989); *see also Bartsch v. Gordon N. Plumb, Inc.*, 138 Ill.App.3d 188, 92 Ill.Dec. 862, 868, 485 N.E.2d 1105, 1111 (1985); *Chicago Attachment Co. v. Davis Sewing Mach. Co.*, 31 N.E. 438, 441–42, 142 Ill. 171, 181–86

2. The parties do not dispute that Illinois law controls the substantive issues in this case.

(1892). The only writing between the parties signed by the party to be charged (Carolina) is the August 5 fax, and thus that document controls this case; either it evidences a contract or it does not. We agree with the district court that it does not because, contrary to Illinois law, the date-of-assignment term was left open for future negotiation which makes the purported agreement unenforceable. *See Hintz v. Lazarus,* 58 Ill.App.3d 64, 15 Ill. Dec. 546, 548, 373 N.E.2d 1018, 1020 (1978) ("When any essential term of an agreement is left to future negotiation, there is no binding contract."); *Bailey v. Eater,* 53 Ill.App.2d 37, 202 N.E.2d 656, 659 (1964) (date of possession is essential term).

While Hyman urges that the term was identified as the date of Hyman's vacation of the premises—a date determinable by an event—we simply cannot avoid the language of the fax that the date was "to be determined by mutual consent once Hyman has totally vacated the leased premises." Appellant's Appendix at 80. That amounts to nothing more than an agreement to agree. Had the parties actually agreed to a lease assignment on the date of Hyman's vacation of the premises, they could be said to have so contracted. However, the only arguably sufficient writing (the August 5 fax) does not admit of such a simple solution.[3] This single correspondence in a series of negotiations is insufficient to evidence a contract for an interest in land.

We do not doubt that the parties intended to reach an agreement on a lease assignment, and perhaps at one time they even believed they had reached one. Hyman suggests that we must give effect to this intent of the parties under Illinois case law. We disagree; Hyman's authorities are distinguishable because they proceed from the existence of a contract. In this case, Hy-

man's argument skips a necessary step; there must first be a contract evidencing the intent of the parties before a court can effectuate their intent. We cannot take the supposed intent of the parties to create the contract and independently supply that contract's terms. The law requires a writing evidencing a contract, not a writing evidencing intent to enter into a contract. The August 5 fax is evidence of only the latter; the former simply never came about.

For the reasons given, we affirm the district court's grant of summary judgment to Carolina on Hyman's breach of contract claim. Given our holding on this count, we do not reach the district court's views on the Illinois Statute of Frauds and Sutker's authority to contract for Hyman.

### B. Promissory Estoppel

■ This issue merits little discussion. Hyman argues that it relied on Carolina's proposed assignment and stopped looking for potential sublessees. In particular, Hyman suggests that it would have subleased to a company called Con–Way but for Carolina's interest. However, the district court relied on an affidavit by a Con–Way regional manager denying that Con–Way would have taken the Hyman space. We agree with the district court that the affidavit refutes Hyman's contrary claim and that Hyman failed to otherwise demonstrate a substantial fact question on promissory estoppel by probative evidence beyond a mere scintilla, *see Johnson,* 906 F.2d at 1237. The district court's summary judgment on this count is affirmed.

### III. CONCLUSION

The single most important aspect of this case is that an agreement to agree is not a

---

**3.** The record repeatedly evidences the failure of the parties to agree on a date for the assignment of the lease: Sutker's letter of July 25 to Carolina suggested that Hyman would be out of Hillside by August 31; the August 5 fax suggested that the assignment would take place on September 15, but explicitly states that the date would later be agreed to; the district court concluded that Carolina agreed to no date later than October 1; the only actual assumption

document that looks like a contract gave November 1 as the effective date of assignment; and, finally, Hyman actually vacated during October 15–17. Of course, a court could infer a reasonable time for performance of the assignment and consider parol evidence on that question, but only if the parties had reached an agreement. This case fails to present us with an agreement from which to infer anything.

contract. Arguably the parties came close to reaching an agreement, to creating a contract evidenced by a writing, but they did not come close enough. While courts can complete, interpret, and reform contracts, they cannot create them. The record of this case does not evidence a contract, a certain agreement for the assignment of Hyman's lease. Therefore, summary judgment to Carolina appropriately determined Hyman's claim for breach of contract; likewise, no fact dispute was shown with respect to Hyman's claim for promissory estoppel. The district court's judgment is completely affirmed.