WILLIAM MUELLER, d/b/a Wil-Kare Typographers, Plaintiff-Appellant, v. INSURANCE BENEFIT ADMINISTRATORS, INC., Defendant-Appellee.

First District (5th Division)   No. 85—3418

Opinion filed October 7, 1988.

*This opinion was concurred in by Justice John J. Sullivan prior to his retirement.

588

LORENZ, P.J., specially concurring.

Harvey Melinger, of Chicago, for appellant.

Robert W. Smith and William D. O'Donaghue, both of Robert W. Smith & Associates, of Hillside, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, William Mueller, d/b/a Wil-Kare Typographers, initiated this action against the defendant, Insurance Benefit Administrators, Inc. The trial court granted defendant's motion for sanctions and imposed $625.50 in sanctions against plaintiff, ostensibly because of plaintiff's failure to appear for his deposition, and dismissed plaintiff's complaint with prejudice for plaintiff's failure to pay the sanctions. Plaintiff appeals. The issues presented for review are: (1) whether the trial court erred in imposing sanctions of $625.50 against plaintiff purportedly for his failure to appear for his deposition; and (2) whether the trial court erred in dismissing plaintiff's complaint with prejudice for his failure to pay the sanctions. We reverse.

On September 25, 1984, plaintiff filed an action in contract against defendant. Subsequently, on June 4, 1985, defendant filed a counterclaim against plaintiff and a third-party complaint against third-party defendants John Martin, individually and d/b/a The Communicators, BIJO, Inc., and BLC Graphics, Inc. The counterclaim and third-party complaint were not related to plaintiff's complaint and alleged a separate cause of action for fraud and breach of a fiduciary duty. No summons were served on the third-party defendants.

On August 9, 1985, plaintiff's attorney was served with notice for

the taking of the deposition of third-party defendant John Martin on September 4, 1985, and also for the taking of plaintiff's deposition on September 5, 1985, at the office of the defendant's attorney in Hillside, Illinois. Two weeks later, on August 26, 1985, the efforts of the litigants and their attorneys culminated in a proposed comprehensive settlement agreement. The proposed settlement agreement provided that in case No. 84—M5—648, Insurance Benefit Administrators v. John Martin and BIJO, Inc., which was pending on appeal in the First Judicial District under case No. 84—2825, defendants, John Martin and BIJO, Inc., would execute a release and satisfaction of judgment entered on October 11, 1984, in favor of Insurance Benefit Administrators, Inc., and the appeal was to be dismissed. The proposed settlement agreement further provided that the complaint and counterclaim in the instant case were to be dismissed with prejudice. The proposed settlement agreement additionally provided that in another case, No. 84—1035, separate $10,000 judgments would be entered against John Martin and William Mueller, plaintiff herein, in favor of Insurance Benefit Administrators. The terms of payment of the judgments were set forth in the intended settlement agreement. The proffered settlement agreement was set forth in a letter from the defendant's attorney dated August 26, 1985. Apparently because of the negotiations in the tendered settlement agreement, plaintiff did not appear for his deposition at the defendant's attorney's Hillside office on September 5, 1985. Fifteen days later, on September 20, 1985, the defendant's attorney filed interrogatories which were to be answered by plaintiff within 26 days. Also, on September 20, 1985, the defendant's attorney presented to the trial court a "Motion to Compel Discovery and for sanctions," which alleged that plaintiff William Mueller failed to appear for his September 5, 1985, deposition. Defendant's motion prayed, *inter alia*, that further proceedings in the case be stayed until the taking of plaintiff's deposition.

The record before us, on this appeal, is replete with numerous and repeated motions and petitions for sanctions and rules to show cause against the attorneys, from which it appears that perhaps the attorneys were diverted from pursuing the cause of their litigant clients to engaging in affronts and vendettas toward each other. The record on appeal also contains an order entered by the trial court on September 20, 1985, which states:

"This cause coming on to be heard on plaintiff's motion to dismiss the counterclaim and defendant's motion to compel discovery. It is hereby ordered that the motion to dismiss is filed and defendant shall answer within 10 days and hearing is set

for 10-10-85.

*The deposition of William Mueller is set for 10-3-85 at 11:00 A.M.*

Defendant's motion for sanctions is entered and continued to 10-10-85." (Emphasis added.)

It is noteworthy that this foregoing order merely set the date and hour for William Mueller's deposition. The order did not designate the place for the taking of Mueller's deposition, and it did not order Mueller to appear.

Plaintiff William Mueller did not appear for his deposition on October 3, 1985, apparently because on that date his attorney, pursuant to notice to defendant's attorney, appeared on October 3, 1985, before and presented to the trial court a motion to enforce the proferred settlement agreement and "dismiss the suit and counterclaim and third-party complaint *** for the reason that all motions in controversy have been settled and adjudged by the parties pursuant to a written letter of settlement written by [defendant's attorney] dated August 26, 1985." Defendant's attorney filed a "response to plaintiff's motion to enforce settlement agreement and dismiss suit," in which defendant objected to and prayed for denial of plaintiff's motion and requested the cause be set for trial. The trial court set plaintiff's motion to enforce the settlement agreement and to dismiss for an evidentiary hearing on October 17, 1985.

Also, on October 3, 1985, because the third-party defendant, John Martin, had not been served with summons or a copy of defendant's third-party complaint, the trial court granted defendant's attorney's motion for the appointment of a special process server to serve John Martin.

On October 11, 1985, a week before the evidentiary hearing of October 17, 1985, on plaintiff's motion to enforce the proposed settlement agreement and dismiss the suit, the defendant's attorney presented to the trial court defendant's "amended motion for sanctions and for a rule to show cause." This motion incorrectly alleged, contrary to the language of the foregoing September 20, 1985, order, that "on September 20, 1985 this court ordered the plaintiff, William Mueller, to appear at the office of defendant's counsel to be deposed on October 3, 1985." The September 20, 1985, order did not order plaintiff to appear at the office of defense counsel on October 3, 1985. The motion further alleged that plaintiff, William Mueller, "failed to appear as ordered on October 3, 1985, and failed to inform counsel in advance of that failure." The motion prayed that "this court enter a rule against the plaintiff, William Mueller, to show cause if any he can

why he should not be held in contempt of court for failure to obey its lawful orders." The motion additionally requested, *inter alia*, "sanctions against William Mueller as follows: (1) costs and attorney fees in a reasonable amount." On October 11, 1985, the trial court entered the following order:

"This cause coming to be heard on defendant's amended motion for sanctions, notice having been given and the Court being fully advised in the premises:

1. William Mueller without good cause, failed to appear for deposition on 10-3-85 as ordered by this court on 9-20-85.

2. William Mueller, without good cause, failed to appear for deposition on 9-5-85, pursuant to notice.

3. William Mueller has failed to answer interrogatories propounded by defendant pursuant to Supreme Court Rules.

4. As a result of Mueller's conduct plaintiff has expended $81.00 costs and attorney fees.

It is therefore ordered:

1. IBA's motion for sanctions is sustained.

2. Mueller shall pay to IBA $81.00 costs.

3. Hearing to determine amount of attorney fees and extent of other sanctions is set for 10-17-85 at 10:10 without notice.

4. *Mueller shall appear for deposition at office of IBA on 5600 Wolf Rd. on 10-15-85 at 10:00 a.m. for deposition and shall then and there produce answers to interrogatories.*" (Emphasis added.)

The record reflects that plaintiff's attorney was not present in court and he therefore was unable to comment upon or oppose the entry of this October 11, 1985, order.

In compliance with this trial court order of October 11, 1985, plaintiff, William Mueller, appeared at the office of Insurance Benefit Administrators on 5600 Wolf Road on October 15, 1985, at 10 o'clock to give his deposition. However, plaintiff's attorney did not appear. Plaintiff's attorney called defendant Insurance Benefit Administrators' attorney, informed him that he was unable to appear for plaintiff's deposition and requested of defendant's attorney that plaintiff's deposition be postponed to a date after the October 17, 1985, evidentiary hearing of plaintiff's motion to enforce the settlement agreement and dismiss the suit. Defendant's attorney refused to agree to a postponement of plaintiff's deposition. Plaintiff waited in defense counsel's office for three hours, until 1 p.m., to give his deposition. He departed with defense counsel's approval, and pursuant to defense counsel's direction, plaintiff repeatedly checked back every hour at de-

fense counsel's office to see if his attorney had arrived, in which event plaintiff was to give his deposition. Plaintiff's attorney did not appear and in his absence plaintiff was not deposed.

Two days later, on October 17, 1985, at 9:15 a.m., defendant's attorney presented to the trial court a "Supplemental Motion for Sanctions and for rule to show cause." Defendant's supplemental motion also incorrectly and contrary to the September 20, 1985, order stated that "on September 20, 1985 this court entered an order compelling William [Mueller, plaintiff,] to appear for deposition on October 3, 1985 at the office of defense counsel." Defendant's supplemental motion further alleged that on October 11, 1985, the court "ordered Mueller to appear for a deposition on October 15, 1985" and that "notwithstanding the said orders, *defense counsel*, absolutely without notice, *failed to appear for the deposition on October 15* and \*\*\* Mueller refused to proceed with the deposition in the absence of counsel." Defendant's supplemental motion prayed that defendant's attorney be awarded reasonable attorney fees, that plaintiff William Mueller's pleadings be stricken with prejudice, and that a rule be entered "against William Mueller and his counsel to show cause why they should not be held in contempt of court for failure to obey its lawful orders."

On the presentation of defendant's supplemental motion for sanctions and a rule to show cause, defendant's counsel stated to the court that plaintiff appeared for his deposition as ordered. Defendant's attorney informed the trial court:

> *"ON OCTOBER 15TH YOUR HONOR, MR. MUELLER [PLAINTIFF] DID APPEAR AT MY OFFICE. HIS ATTOR-NEY DID NOT APPEAR,* did not give notice. He called me at 10:00 o'clock in the morning and said he wasn't coming, and Your Honor if put under oath I will say what he said to me was, I said we will wait here all day because he was under an order, and he said you can wait until the cows come home. And I did wait. I waited until 5:00 o'clock and so did this court reporter sitting next to me. \*\*\* *THE PLAINTIFF, MR. MUELLER WAITED FOR THREE HOURS AND THERE-AFTER HE CHECKED IN EVERY HOUR AS I ASKED HIM TO DO TO DETERMINE WHETHER HIS COUNSEL HAD COME.* \*\*\* I'm also asking for your Honor that plaintiff's pleadings, all of them, be stricken and am asking for a rule against *the defendant* [sic] and his counsel, Your Honor." (Emphasis added.)

Plaintiff's counsel's statement to defendant's counsel that he

could "wait until the cows come home" was most unprofessional and such remarks should not be made by one attorney to another attorney who is being simply called upon to perform his professional responsibilities to his client, the court and to each other. Such unbefitting diatribe cannot be judicially condoned. Indeed, it is condemned. Nevertheless, in the absence of some contrary subsequent expression of intent by plaintiff's attorney that he would appear for plaintiff's deposition, it would seem that defendant's attorney's all-day wait, with a court reporter, for plaintiff's attorney's arrival was unjustified.

In response to the defendant's attorney's aforestated representations to the trial court, plaintiff's attorney replied:

> "There are two motions pending at this time which are both up for hearing this morning. One motion is based upon the fact that the same complaint has been filed in Federal Court and *** it's set for hearing this morning. *** [T]here is a second motion to dismiss based upon the fact that there has been a settlement of this case, and there is a motion to enforce the terms of the settlement which include dismissal of this lawsuit. That is up for an evidentiary hearing this morning.

> *** [The] defendant came in and filed a counter-complaint and also a third-party action. Now service of summons was never made upon the third-party defendants so the case is not right for trial or right for anything because the parties to the case are not even in the case. *** That party is not before the court at this time, so there is no date of trial set because the parties are not before the court and there is no date of closing of discovery at this point because *** the third-party defendants have not been brought before this court yet.

> Now, it's my position that the terms of the settlement agreement which are in the court file—."

The trial court interrupted, stating to plaintiff's attorney that he was not interested in the settlement agreement and that, "I'm interested in why my order and McCurrie's orders were not honored." Plaintiff's attorney responded:

> "The settlement agreement provides that the cases will be dismissed based upon the terms of the settlement and it is my position that the terms of the settlement—the settlement precludes proceeding with the merits of the case, which is both the discovery deposition and the interrogatories because the case is to be dismissed. Therefore, we should not be compelled to present an evidentiary deposition before the motion to dismiss based upon the settlement agreement is decided ***. [Defend-

ant's attorney] is trying to rush into a discovery deposition before we can have our hearing on the motion to dismiss. And the purpose of the settlement agreement is to avoid the discovery deposition. He's trying to get the discovery deposition in before the court has an opportunity to rule that we don't have to give the discovery deposition because the case is to be dismissed pursuant to the settlement agreement."

The trial court directed plaintiff's attorney "to get to the response to why you did not appear and give Mueller's deposition. That's the only thing I want to hear now, why you did not follow my order and Judge McCurrie's order." Plaintiff's attorney answered:

"I called [defendant's attorney] and told him that if we did not prevail on the motions to dismiss which are up this morning that we would appear for the deposition and answer the interrogatories immediately after that time.

\* \* \*

When a deposition is set it's common practice for an attorney, if he's unavailable, to say let's continue it to next week. I asked Mr. Smith, I said let's make it for the 18th of October or the 19th or 20th. If we lose the motion to dismiss today we will present ourself for the deposition with you. \*\*\* If he wins where the case is not dismissed, there is no reason why the deposition can't go next week.

\*\*\* [I] called [defendant's attorney] and said let's continue it. Do me this courtesy. Let's hear the motion to dismiss first. If we lose we present ourselves for the deposition. No, he wants it right now because he wants to subvest our motion to dismiss by proceeding with this in violation of the settlement agreement. As I say, if we lose the motion to dismiss today we will be in for a deposition at a very early date whenever it's convenient to [defendant's attorney]. We will present ourself and I have the answers to interrogatories with me today. If we lose the motion to dismiss we will file the answers to interrogatories today \*\*\* and we'll be in a deposition tomorrow or the next day or Saturday too, whenever he wants to take it."

Thereupon, the trial court replied and ruled:

"Dealing with the sanctions and I find that the order was indiscriminately violated, and I assess costs in the sum of the court reporter's fees and fees of counsel for the Insurance Benefit Administrators, Inc. [defendant] in the sum of $500.00, and those fees and costs will be paid on or before the 28th day of October. And if they are not paid on or before that day, the

cause of William Mueller versus Insurance Benefit Administrators, Inc. will be dismissed with prejudice. Draw the order."

Implicit in the trial court's ruling and order was its rejection of plaintiff's attorney's proffered explanatory justifications for his failure to have appeared for plaintiff's deposition on October 15, 1985. We need not decide whether plaintiff's attorney's stated reasons were valid justifications for his failure to have appeared. Nor need we decide whether the reason attributed by plaintiff's attorney to defendant's attorney's persistence in taking plaintiff's deposition before the evidentiary hearing of plaintiff's motion to enforce the settlement agreement and dismiss the cause was valid. Plaintiff complied with the trial court's October 11, 1985, order. He appeared to be deposed as he was ordered. Plaintiff's attorney did not appear. The record establishes without contradiction that plaintiff's attorney called defendant's attorney at 10 a.m. and requested a postponement of plaintiff's deposition. From the tenor of the conversation, as related by defendant's attorney, "[Y]ou can wait until the cows come home," it would appear that defendant's attorney should reasonably have anticipated that plaintiff's attorney was not going to appear for plaintiff's deposition, and that the defendant's attorney and his court reporter's all-day wait for plaintiff's attorney would be fruitless. Defendant's attorney and his court reporter therefore should not have been compensated for their day-long wait. More importantly, not one scintilla of evidence, not even a statement, was presented to the trial court regarding the attorney fees, or the value of the attorney's waiting services, or that defendant's attorney was precluded from transacting his other professional business during his chosen day-long wait. Additionally, it appears from plaintiff's attorney's foregoing proffered explanatory justifications to the trial court that plaintiff's attorney was of the good-faith opinion that defendant's attorney should not take, and plaintiff should not have been required to give, his deposition until after defendant's dismissal motion had been (adversely) ruled upon. Plaintiff's attorney's absence was not explained to the trial court when the order was entered on October 11, 1985, for plaintiff to appear to be deposed. It likewise appears that plaintiff's attorney was willing in good faith for plaintiff to be immediately deposed should plaintiff's dismissal motion be denied.

Nevertheless and in spite of the foregoing, the trial court entered the following order:

"This cause coming to be heard on Insurance Benefit Administrators' supplemental motion for sanctions and evidentiary hearing for assessment of attorney fees, all parties being before

the court and the court having considered the verified pleadings and *heard evidence*:

This Court finds:

1. *Plaintiff William Mueller has wilfully violated the court's order of October 11, 1985, in that he has 3 times failed to appear for deposition as ordered.*

2. William Mueller shall pay over to *plaintiff's counsel* the following sums:

    A. The sum of $125.00 for court reporter fees.

    B. The sum of $500.00 attorney fees.

The said sum shall be paid prior to October 28, 1985. In the event plaintiff fails to make said payment his pleadings shall be stricken with prejudice." (Emphasis added.)

First, this foregoing order erroneously states that the trial court "heard evidence." The complete transcript of the October 17, 1985, proceedings before the trial court is contained in the record before us. The proceedings have the verified signatures of the certified court reporter and the trial court that the transcript contains "all the proceedings of said [October 17, 1985,]" hearing. This transcript contains no "evidence" and it clearly reveals that no evidence was heard by the trial court, contrary to the language of the aforesaid order.

Second, this foregoing October 17, 1985, order erroneously states that "plaintiff William Mueller has violated the court order of October 11, 1985 in that he has 3 times failed to appear for depositions as ordered." There were not three court orders directing plaintiff to appear for his deposition. There was only one court order which directed Mueller to appear for deposition and that was the October 11, 1985, order, which directed him to appear on October 15, 1985, at 10 o'clock at defendant's attorney's office to be deposed. The record affirmatively establishes that plaintiff so appeared. Defendant's attorney not only did not dispute that Mueller appeared, defendant's attorney expressly admitted to the trial court, as set forth in the record before us and as previously set out herein, that Mueller appeared in his office on October 15, 1985, to give his deposition, that he remained there for three hours awaiting the arrival of his attorney, and after he left, pursuant to defendant's attorney's directions, Mueller made hourly checks at defendant's attorney's office to determine if his lawyer had arrived. Thus, it was erroneous and improper to impose any sanctions upon Mueller. If any, the sanctions should have been imposed against Mueller's attorney.

Third, the October 17, 1985, order required that "William Mueller shall pay to *plaintiff's counsel* the following sums" of $125 for court

reporter fees and $500 for attorney fees. Mueller was the plaintiff and by the terms of the order he was improperly ordered to pay his own attorney, the court reporter and attorney fees as sanctions against him. For these reasons the October 17, 1985, order was erroneous and void.

After appearing before the trial court, as stated, in a second proceeding at 10:45 a.m. on October 17, 1985, before another judge, plaintiff's attorney presented and argued plaintiff's motion to enforce the proposed settlement agreement and dismiss the proceedings. The motion was denied.

On October 23, 1985, plaintiff presented a motion to vacate the October 17, 1985, order for fees and sanctions, which motion the trial court denied. On November 7, 1985, defendant filed a petition that the court enter a rule against plaintiff William Mueller to show cause why he should not be held in contempt of court for his failure to comply with the October 17, 1985, order and pay the sanctions imposed therein. The petition additionally prayed that plaintiff's pleadings be stricken with prejudice because of Mueller's failure to comply with the October 17, 1985, sanctions order. Mueller responded with an answer to defendant's petition for a rule to show cause and dismissal of plaintiff's suit, which answer set forth, *inter alia*, Mueller's affidavit that Mueller was "without funds or money to pay the attorney fees of $500.00 and costs of $125.00 ordered on October 17, 1985," and "that I have not wilfully disobeyed the order of court of October 17, 1985, but I have not made the payment ordered because I am without the means or ability to make payment," and that, "I own no real estate and I have no possessions that I can sell to obtain the money to make payment." But the trial court on October 17, 1985, had prejudged the merits of plaintiff's financial circumstances, when it then ruled that *"in the event plaintiff fails to make said payment his pleadings shall be stricken with prejudice."* Having done so, on November 19, 1985, the trial court simply entered the following order:

"The cause coming to be heard on defendant Insurance Benefit Administrators' petition for rule to show cause the court being fully advised in the premises,

It is hereby ordered:

1. That the plaintiff has wilfully failed to comply with this court's order for sanctions of October 17, 1985 by failing to pay to the defendant the sum of $625.00 as sanctions.

2. The plaintiff's pleadings are hereby dismissed with prejudice.

3. There is no just reason for the delay of enforcement of

the order."

The record before us does not contain the transcript of any proceedings before the trial court on November 19, 1985, to support the November 19, 1985, order: Moreover, there is nothing in the record before us which contradicts Mueller's affidavit that he lacked the funds, realty or property to pay the $625 and that therefore his failure to pay was not wilful. In addition to the reasons previously set forth herein why the October 17, 1985, order was erroneous and void, the November 19, 1985, order was likewise void, because it also erroneously recited that the October 17, 1985, order required plaintiff "to pay to defendant the sum of $625.00 as sanctions," when the order simply provided that, "William Mueller shall pay over to *plaintiff's counsel* the following sums" of $125 for court reporter fees and the sum of $500 for attorney fees. Additionally, the order of November 19, 1985, dismissing plaintiff's pleadings was void because it was predicated upon the erroneous October 17, 1985, order which improperly imposed the sanctions of plaintiff's payment of attorney and court reporter's fees.

■■ ■ In its determination of whether sanctions should be imposed, the trial court must seek to accomplish discovery rather than inflict punishment. (*Bautista v. Verson Allsteel Press Co.* (1987), 152 Ill. App. 3d 524, 504 N.E.2d 772; *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 469 N.E.2d 708.) Sanctions for noncompliance with a party's discovery requests are appropriate when such noncompliance has been "unreasonable." (*Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 476 N.E.2d 1232.) In determining whether noncompliance with discovery orders or rules is unreasonable, the standard is whether the offending party's conduct is characterized by a deliberate and pronounced disregard for the discovery rules and for the court. (*Bautista v. Verson Allsteel Press Co.* (1987), 152 Ill. App. 3d 524; *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894.) One of the factors to be considered is equal opportunity and access for the opposing party to interview or depose the witness prior to trial. *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894.

■■ While violations of discovery rules are certainly not to be condoned, plaintiff appeared for his deposition as ordered by the trial court and plaintiff's conduct certainly cannot be characterized as a deliberate and pronounced disregard for the discovery rules or the court. Plaintiff's attorney did not appear for plaintiff's deposition on October 11, 1985, but no evidence was presented that his failure to appear was wilful or a disrespectful disregard of his obligation as an attorney to comply with the court rules or order. If any sanction was to have been

imposed for plaintiff's attorney's failure to appear, it certainly should not have been imposed against plaintiff. Moreover, Supreme Court Rule 201(d) (107 Ill. 2d R. 201(d)) provides that "[p]rior to the time all defendants have appeared or are required to appear, no deposition or other discovery procedure shall be noticed or otherwise initiated without leave of court granted upon good cause shown." The instant record reflects that at no time prior to the dates for plaintiff's deposition were any summons served on the third-party defendants, nor did any of the third-party defendants appear, nor were they required to appear. It is not shown in the record that the defendant was given leave of court to depose plaintiff or to initiate discovery.

■ For the foregoing reasons, the trial court erred in its October 17, 1985, order for plaintiff's payment of $625 in sanctions. The trial court also erred in dismissing plaintiff's complaint for failure to pay the $625 in sanctions. We therefore need not decide plaintiff's contention that because of plaintiff's impecuniosity and inability to pay the sanctions the trial court lacked authority to dismiss plaintiff's complaint. The imposition of sanctions should accomplish discovery rather than inflict punishment. (*Bautista v. Verson Allsteel Press Co.* (1987), 152 Ill. App. 3d 524.) In the case at bar, dismissing plaintiff's complaint did not accomplish discovery, it merely punished the plaintiff for plaintiff's attorney's failure to have appeared at plaintiff's deposition.

The orders imposing sanctions and dismissing plaintiff's complaint are reversed, and the cause is remanded with directions to reinstate plaintiff's complaint.

Reversed and remanded with directions.

SULLIVAN, J., concurs.

PRESIDING JUSTICE LORENZ, specially concurring:

A fair reading of the record in this case once again demonstrates to me that far too many members of the bar continue to contribute, through their unrestrained contentious conduct, to the general perception held by the public that the profession is no longer an honorable one. The bar, however, does not alone suffer. No client's interest is served when counsel, under the guise of representation of that interest, personalize litigation with the sole intent to frustrate and antagonize their adversary at every opportunity. The facts of the matter before us, unfortunately for the respective litigants, are illustrative as such behavior has here caused unnecessary delay and further expense in the disposition of the action.