La SALLE NATIONAL BANK OF CHICAGO, as Trustee, *et al.*, Plaintiffs-Appellees, v. HARRY AYOADE AKANDE, Defendant-Appellant.

Second District   No. 2—91—1167

Opinion filed September 29, 1992.

54

Mel Gaines, Ltd., of Chicago (Mel Gaines, of counsel), for appellant.

George F. Fitzpatrick, of Wildman, Harrold, Allen & Dixon, of Chicago (Gary E. Dyal, of counsel), for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Harry Ayoade Akande, appeals from the judgment of the circuit court of Du Page County which denied his motion to quash service of summons and to vacate a default judgment entered against him. Defendant presents six issues for our review, which we consolidate into the following four issues: (1) whether defendant was properly subject to *in personam* jurisdiction in Illinois; (2) whether the trial court erred in allowing plaintiffs to proceed with discovery directed to the issue of jurisdiction; (3) whether the court erred in concluding that defendant's failure to properly object to plaintiffs' request to admit constituted an admission by defendant of the factual matters addressed in the request; and (4) whether the court erred in concluding that substitute service of process upon defendant in London, England, was proper.

This case arose out of a commercial lease guaranty entered into between defendant and plaintiffs, La Salle National Bank of Chicago, as trustee under trust No. 49475, and UIDC Management Company (UIDC). Plaintiff La Salle National Bank is the owner of legal title to

retail store No. 238 in the Oak Brook shopping center, and plaintiff UIDC is the managing agent of the store. On July 29, 1981, plaintiff La Salle National Bank entered into a written lease for the rental of the store with Josephine Queen, Inc., an Illinois corporation. Under the lease guaranty, defendant was obligated to pay rent and other monies due under the lease in the event of a default by the tenant. The tenant allegedly defaulted on its lease payments, and on February 5, 1988, plaintiffs filed the instant lawsuit against defendant, seeking to recover the unpaid rent and other charges owing under the lease, plus costs and attorney fees.

On May 17, 1988, plaintiffs served summons and the complaint upon defendant's sister-in-law, Yeside Sodipe, who resided at property owned by defendant at 17 W 361 Hillside Lane, Hinsdale, Illinois. On June 9, 1988, defendant filed a special and limited appearance and a motion to quash service of summons on the ground that he did not reside at the Hinsdale address. Based on the affidavits of the process server, James E. Liston, and Ms. Sodipe, and the briefs of the parties, the trial court concluded that the defendant lived in either London, England, or Nigeria. The court therefore granted defendant's motion to quash.

On December 19, 1989, the plaintiffs' process server, Arthur R. Levin, served the summons and complaint upon defendant's brother, Joseph Akande, at the premises known as Flat 3, Two Hyde Park Gardens, London, England, where, according to Levin's affidavit of service, defendant resided. The documents were also mailed to defendant at the London address. On February 15, 1990, the case was called for status. On that date, defendant having failed to appear, the court found defendant to be in default. The case was continued for a prove up of damages, and on May 3, 1990, the court entered judgment against defendant in the amount of $292,657.86 plus costs.

On February 26, 1991, defendant again filed a special and limited appearance and a three-count motion to quash service of summons and vacate the default judgment. Count I contested the court's personal jurisdiction over defendant. Counts II and III questioned the legal sufficiency of the affidavit of service and challenged the propriety of the service of summons at the London address.

On March 14, 1991, the trial court issued an order denying count I of defendant's motion to quash. On April 16, 1991, plaintiffs served interrogatories, requests to admit and a request for production of documents on defendant. On May 13, 1991, defendant's attorney wrote to plaintiffs' counsel, advising that defendant did not intend to re-

spond to plaintiffs' discovery requests prior to a determination that the court had jurisdiction over defendant.

On June 21, 1991, the court heard argument on the remaining counts in defendant's motion. On June 27, 1991, the court found that the substituted service of process upon defendant in London was proper. The court concluded that Supreme Court Rule 201(l) (134 Ill. 2d R. 201(l)) allowed limited discovery relating to the question of jurisdiction and that a Rule 216 (134 Ill. 2d R. 216) request to admit was an appropriate discovery tool for that purpose. The court also found that defendant had not properly objected to plaintiffs' request to admit and that the Rule 216 requests would be deemed admitted. The court therefore denied defendant's motion to quash service of summons and vacate the default judgment. Defendant's motion for rehearing and reconsideration was also denied, and defendant filed the instant appeal.

We first address defendant's claim that the facts of this case are insufficient to subject him to the jurisdiction of the Illinois courts. In this regard, section 2—209(a)(1) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—209(a)(1)), upon which plaintiffs maintain jurisdiction was founded, provides in pertinent part as follows:

> "Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> (1) The transaction of any business within this State." Ill. Rev. Stat. 1989, ch. 110, par. 2—209(a)(1).

■ An invocation of long-arm jurisdiction must satisfy two criteria: (1) the statutory requirements of section 2—209, and if those requirements are met, (2) the constitutional requirements of due process. (*Financial Management Services, Inc. v. Sibilsky & Sibilsky, Inc.* (1985), 130 Ill. App. 3d 826, 832.) Under section 2—209(a)(1) of the Code, even a single act of a defendant may be sufficient to find that business was transacted within this State, so long as the cause of action arises from that act. (*Financial Management Services*, 130 Ill. App. 3d at 833; *People v. Parsons Co.* (1984), 122 Ill. App. 3d 590, 597.) We believe the record establishes a transaction of business by defendant in Illinois which is sufficiently connected with the cause of action to render him amenable to suit in Illinois under section 2—209(a)(1) of the Code.

■ Here, plaintiffs' complaint alleged that defendant entered into and signed a lease guaranty with plaintiff La Salle National Bank to insure the payment of rent on commercial property located in Oak Brook, Illinois. The complaint incorporated by reference the lease guaranty and the lease, and the guaranty contained an Illinois notary seal attesting to the fact that defendant executed the document in Illinois. Since under the guaranty the defendant was required, in the event of default by the tenant, an Illinois corporation, to remit all monies due and owing under the lease to the Illinois plaintiffs, it is also reasonable to conclude that the lease and the guaranty were to be performed in Illinois. Plaintiffs' complaint further alleged that, when the tenant defaulted on the lease, defendant failed to pay the monies that then became due and owing. Consequently, we find that the facts of this case sufficiently establish that defendant transacted business within the State of Illinois and that this transaction gave rise to plaintiffs' claim against him.

*Kotlisky v. Kotlisky* (1990), 195 Ill. App. 3d 725, cited by defendant for the proposition that the "mere execution of a contract within Illinois is not by itself a sufficient transaction of business to fit within the long-arm statute," is inapposite. In that case, the plaintiffs were seeking to recover money owed to a decedent's estate which was being probated in California. In reaching its decision, the court concluded that recovery of a debt owed to an estate being probated in California did not "appear to invoke any special ties to Illinois." (*Kotlisky*, 195 Ill. App. 3d at 737.) Clearly, unlike the situation in *Kotlisky*, the present case does not involve any other State or jurisdiction which may have an interest in or ties to the parties' transaction.

Having determined that jurisdiction over defendant existed under the long-arm statute, we must next consider whether the assertion of such jurisdiction comported with due process. The due process clause " 'requires only that in order to subject a defendant to a judgment *in personam*, if he is not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Financial Management Services*, 130 Ill. App. 3d at 833-34, quoting *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.

We find sufficient minimum contacts here. While present in Illinois, defendant executed a lease guaranty to ensure the payment to Illinois plaintiffs of rent on property located in Illinois. Thus, defendant took advantage of a business opportunity by entering into a guar-

anty, the performance of which was related entirely to the lease of real estate and the operation of a business located in this State. In short, defendant purposely availed himself of the privilege of conducting activities within Illinois and should reasonably have anticipated that any lawsuit against him would be filed in Illinois, the situs of the execution of the guaranty and the place where the lease and the guaranty were likely to be performed. See *People v. Parsons Co.*, 122 Ill. App. 3d at 601; see also *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 292, 62 L. Ed. 2d 490, 498, 100 S. Ct. 559, 564.

Defendant maintains that it would be "extremely burdensome and inconvenient for [him] to travel from England or Nigeria to defend against the present action." However, it was not unduly inconvenient for defendant to come to Illinois when he entered into the guaranty with plaintiffs, and it should be no more inconvenient for him to return now to defend in this forum. See *Ronco, Inc. v. Plastics, Inc.* (N.D. Ill. 1982), 539 F. Supp. 391, 400.

Defendant has raised additional questions, which we also find to be without merit, concerning the validity and propriety of the trial court's dismissal of count I of his motion to quash. First, defendant contends that the court failed to comply with section 2—301 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—301), which provides in pertinent part as follows:

> "(a) Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. ***
>
> (b) If the reasons for objection are not apparent from the papers on file in the case, the special appearance shall be supported by affidavit setting forth the reasons. In ruling upon the objection, the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact." Ill. Rev. Stat. 1989, ch. 110, pars. 2—301(a), (b).

■ Specifically, defendant argues that, in ruling on his motion to quash, the trial court failed to take into consideration the affidavits of defendant and Joseph Akande, which, in the absence of counteraffidavits, must be accepted as true. (*Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 901; *In re Estate of Oelerich* (1961), 31 Ill. App. 2d 457, 461.) First, there is nothing in the record to indicate that the trial court in fact failed to consider the affidavits of defendant or his brother. Moreover, we agree with plaintiffs that consideration of these affidavits did not require the trial court to rule in defendant's favor

on the issue of *in personam* jurisdiction based on the transaction of business in Illinois.

We acknowledge and agree with the statements of law in *Sauers* and *Oelerich*. Nevertheless, Supreme Court Rule 191(a) states that "affidavits submitted in connection with a special appearance to contest jurisdiction over the person, as provided by section 2—301(b) of the Code *** shall set forth with particularity the facts upon which the claim *** or defense is based; *** [and] shall not consist of conclusions but of facts admissible in evidence." 134 Ill. 2d R. 191(a).

While containing statements relative to defendant's place of residence, the affidavit of defendant's brother did not contain a single statement directed to the question of defendant's business activities in Illinois. Defendant's affidavit contains similar statements regarding his residency. As to business activities, defendant states only that "December 19, 1989, [the date of substituted service] prior thereto and presently, Affiant was not engaged in or doing business in the State of Illinois, U.S.A." We believe this statement constitutes nothing more than a self-serving legal conclusion in contravention of Supreme Court Rule 191(a). (*Young v. Chicago Federal Savings & Loan Association* (1989), 180 Ill. App. 3d 280, 284.) As such, the *Sauers* and *Oelerich* cases do not apply, and plaintiffs' failure to file counter-affidavits is not fatal to an assertion of personal jurisdiction over defendant. Moreover, since defendant did not and in fact cannot deny that he entered into the lease guaranty in Illinois, his affidavit did not serve to put into evidence any facts which expressly contradicted or contested the *prima facie* evidence of personal jurisdiction set forth in plaintiffs' complaint and in the guaranty itself.

■ Next, defendant contends that the court ruled prematurely on the question of *in personam* jurisdiction. However, plaintiffs correctly note that, at the March 8, 1991, hearing on count I of defendant's motion to quash, the defendant did not request that the court order full briefing of the motion or that it otherwise defer its ruling. Instead, as demonstrated by the following colloquy, defendant's attorney on that date encouraged the court to reach a decision on the jurisdictional issue, did not request that plaintiffs file a written response, and did not object to the court's stated intention to rule:

"THE COURT: What do you gentlemen want me to do: determine whether I have jurisdiction over him?

MR. GAINES [defendant's attorney]: I'm all for that.

THE COURT: Okay.

* * *

THE COURT: Let me see if I get my role straight as well as your role.

My role first is to ascertain whether I have jurisdiction over Mr. Akande, is that right, and I go ahead and do that?

MR. DYAL [plaintiffs' attorney]: Today.

THE COURT: Well—

MR. DYAL: Based on service or whether—assuming service is correct, whether you can in any event assert jurisdiction.

THE COURT: Yes.

MR. DYAL: I don't think we have any problem with that.

THE COURT: Okay."

Based on the above, defendant cannot now complain that the procedure followed in the trial court was somehow improper or irregular.

■ Finally, defendant contends that the trial court actually avoided or failed to rule on the issue of its personal jurisdiction over defendant. Defendant bases this contention on the language of the court's March 14, 1991, letter of opinion, which states in part:

"Count I claims that this court lacks personal jurisdiction over the defendant because he does not do business in the State of Illinois[,] has committed no tortuous [sic] act in this jurisdiction and is a resident of Nigeria, Africa. From the history of this case of which I am reasonably familiar, the contention of the plaintiff is that Mr. Akande entered into a contract with the plaintiff while in the United States and it is this act that provides jurisdiction over the subject matter of the suit regardless of what his citizenship is or where he resides."

It is defendant's position that the only reasonable interpretation of the court's letter opinion is that the court decided only that it had subject-matter jurisdiction over the case. We disagree and conclude that defendant's argument in this regard is faulty from both a legal and factual standpoint. The reference to subject matter jurisdiction notwithstanding, we think it is clear that the court's ruling turned on the fact that defendant entered into the lease guaranty in Illinois and was based, therefore, on the Illinois long-arm statute regarding the transaction of business in this State. (Ill. Rev. Stat. 1989, ch. 110, par. 2—209(a)(1).) As such, the court did not improperly avoid rendering a decision on the issue of personal jurisdiction.

We next consider defendant's argument that plaintiffs' attempt to obtain discovery with respect to defendant's place of residence, and therefore with respect to the validity of service of process, was improper. Specifically, defendant contends that discovery was not proper

and should not have been allowed until after the court determined it had personal jurisdiction over defendant and further that discovery was improper because plaintiffs failed to obtain leave of court prior to initiating discovery. We disagree on both counts.

Supreme Court Rule 201(l) states:

"(l) Discovery Pursuant to Special Appearance. Discovery shall be permitted on the issues raised in a special appearance filed pursuant to section 2—301 of the Code of Civil Procedure, provided such discovery is limited to the court's jurisdiction over the person of the defendant." (134 Ill. 2d R. 201(l).)

Here, defendant's appearance was filed pursuant to section 2—301 of the Code, and plaintiffs' request to admit properly sought discovery relative to that appearance. Clearly, defendant's assertions of error find no support in the language of Rule 201(l).

■ As to defendant's argument that discovery was improper because the trial court had not yet determined whether it had jurisdiction over defendant, we have already held that the trial court properly found defendant to be subject to the jurisdiction of the Illinois courts, pursuant to section 2—209(a)(1) of the long-arm statute. (Ill. Rev. Stat. 1989, ch. 110, par. 2—209(a)(1).) The court's ruling in this regard was entered on March 14, 1991. Plaintiffs' request to admit was filed thereafter, on April 16, 1991. Thus, the trial court actually determined, *before* discovery was initiated by plaintiffs, that it could assert personal jurisdiction over defendant. Defendant's argument is therefore without factual support in the record. As demonstrated below, it is also without legal support.

In support of his argument that Rule 201(l) discovery may not be permitted until after it has been determined that personal jurisdiction exists, defendant cites *Koplin v. Saul Lerner Co.* (1964), 52 Ill. App. 2d 97, *R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, *Longo v. AAA-Michigan* (1990), 201 Ill. App. 3d 543, and *In re Marriage of Falstad* (1987), 152 Ill. App. 3d 648. These cases are either inapposite or actually tend to support plaintiffs' position that Rule 201(l) discovery was in fact proper in this case.

Defendant cites *Koplin* and *R.W. Sawant* for the proposition that any orders entered prior to a determination of personal jurisdiction are null and void. As plaintiffs correctly note, however, *Koplin* was decided prior to the enactment of Rule 201(l) and is not, therefore, applicable to the present case. In *R.W. Sawant*, our supreme court stated that *"[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties* or of the subject matter, or which lacks the inherent power to make or enter the particular order in-

volved, *is void, and may be attacked at any time or in any court, either directly or collaterally.*" (Emphasis in original.) (*R.W. Sawant,* 111 Ill. 2d at 309.) The issue being decided in *R.W. Sawant,* however, was whether the defendant in that case had used proper procedure in contesting jurisdiction. The case had absolutely nothing to do with Rule 201(l) discovery initiated for the limited purpose of ascertaining the court's jurisdiction.

*Longo* simply stands for the proposition that it may not be an abuse of the trial court's discretion to deny a motion for *additional* discovery where the court already has before it information relevant to the question of jurisdiction. (*Longo,* 201 Ill. App. 3d at 553.) In addition, the court in *Longo* did not address the applicability of Rule 201(l).

*Falstad* actually contradicts defendant's position and supports that of plaintiffs. In *Falstad,* the defendant had filed a special and limited appearance claiming that the court did not have jurisdiction over him because he had not been properly served. The plaintiff sought to establish the validity of service of process by noticing the deposition of the defendant. The trial court ruled that the plaintiff's attempted discovery was improper and that discovery could not proceed until the court had ruled on the jurisdictional question. The appellate court reversed and held that the trial court had erred in denying the plaintiff the right to conduct discovery on the issue of service of process, the very issue raised by the defendant's special and limited appearance. *Falstad,* 152 Ill. App. 3d at 653-54.

With regard to Rule 201(l), the *Falstad* court stated as follows:

"The rule strikes a balance between \*\*\* conflicting interests by allowing the party asserting jurisdiction to avail itself of the tools of discovery while not penalizing the party contesting jurisdiction for complying with discovery. The rule accomplishes that end by limiting discovery solely to the issues raised by the special appearance, thus affording the circuit court a more complete picture of the facts and allowing for a more informed decision in that forum.
\*\*\*

\*\*\* To the extent that the circuit court believed that it was required to consider the jurisdictional question before permitting limited discovery, Rule 201(*l*) is in conflict with that view and controls the issue. \*\*\*
\* \* \*

In summation, we hold that where a special and limited appearance has been entered for the purpose of contesting the

circuit court's personal jurisdiction over defendant, and where plaintiff requests discovery on the issues raised in that appearance, the trial court, pursuant to the provisions of Supreme Court Rule 201(*l*), must allow that inquiry." 152 Ill. App. 3d at 653-55.

In support of his further argument that discovery was improper because plaintiffs failed to obtain leave of court prior to initiating such discovery, defendant again refers us to the *Falstad* and *Longo* cases. In addition, he cites *Mueller v. Insurance Benefit Administrators, Inc.* (1988), 175 Ill. App. 3d 587. Simply stated, neither *Falstad* nor *Longo* says anything about the need to obtain leave of court prior to initiating Rule 201(l) discovery, and defendant's statements to the contrary are false and misleading. As plaintiffs correctly point out, *Mueller*, on the other hand, stands only for the proposition that a plaintiff may not initiate discovery without leave of court before all defendants have filed appearances. (*Mueller*, 175 Ill. App. 3d at 599.) In reaching this conclusion, however, the court in *Mueller* was not relying on Rule 201(l). Rather, the court was relying on Rule 201(d) (134 Ill. 2d R. 201(d)), which is inapplicable here since plaintiffs' discovery requests were served well after defendant had filed his special and limited appearance.

Finally, plaintiffs also correctly note that, if defendant felt that the attempted discovery was improper or harassing, he could have filed a motion for a protective order pursuant to Supreme Court Rule 201(c), which provides in part:

"The court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression." (134 Ill. 2d R. 201(c)(1).)

Defendant did not make such a request, and we conclude that the court's decision to allow inquiry into the question of defendant's residency was proper. See *Falstad*, 152 Ill. App. 3d at 654.

Next, we address defendant's contention that the trial court erred in finding that defendant failed to properly object to plaintiffs' request to admit and that the factual matters addressed in the request would therefore be deemed admitted. In ruling on this matter, the trial court in its June 27, 1991, letter of opinion stated as follows:

"I agree with the plaintiff that Supreme Court Rule 201(*l*) allows limited discovery relating to the question of jurisdiction, and that a Rule 216 request is an appropriate discovery tool for this purpose.

In view of the fact that defendant did not file objections to the 216 request, but merely wrote a letter to the plaintiff suggesting that it was an abuse of the discovery process to use a 216 request in this situation, that [*sic*] these requests are deemed to be admitted. Recent cases have held that in appropriate situations, the court may invoke Rule 183 to extend the time within which to answer the request to admit, if good cause can be shown, however that relief was not sought by the defendant nor does it appear justified.

Based upon the foregoing, I conclude that the plaintiff has established proper substitute service upon the defendant and I deny the defendant's motion to quash same and to vacate the default judgment previously entered."

Specifically, defendant argues that his attorney's letter to plaintiffs' counsel constituted an "objection" within the meaning of Rule 216 (134 Ill. 2d R. 216) and that it was plaintiffs who failed to comply with Rule 216 by failing to raise the issue of defendant's objection by motion before the trial court. It is the plaintiffs' position that defendant improperly failed to file an objection to their request to admit with the trial court and that defendant's attorney's letter was not a sufficient objection, but instead constituted a refusal to respond altogether, thus negating any obligation on plaintiffs' part to file any motion with the trial court.

Supreme Court Rule 216(c) provides in part as follows:

"(c) Admission in the Absence of Denial. Each of the matters of fact and genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission \*\*\* (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." 134 Ill. 2d R. 216(c).

First, we agree with defendant that his attorney's letter to plaintiffs' counsel constituted an objection within the meaning of Rule 216(c). In the letter, which was sent to plaintiffs' counsel within the 28-day time period set forth in Rule 216(c), defendant's attorney states, "I am in receipt of your request for production, request to admit and a set of interrogatories. Defendant has no intention of answering either request *at this stage*." (Emphasis added.) As was also indicated in the letter, defendant based his objection on the court's holding in *Koplin v. Saul Lerner Co.* (1964), 52 Ill. App. 2d 97. Although the merits of defendant's objection certainly were questionable, as evidenced by our

earlier statements regarding the applicability of *Koplin* to the facts of the instant case, we believe, nevertheless, that the letter constituted a "written objection[ ] on the ground that some or all of the requested admissions [were] *** otherwise improper." (134 Ill. 2d R. 216(c).) Thus, defendant's correspondence was not a mere letter suggesting an abuse of the discovery process, as found by the trial court.

We also agree with plaintiffs, on the other hand, that any objection by defendant to the request to admit should have been filed with the trial court. In this regard, plaintiffs refer us to Rule 7.02(a) of the Rules of the Circuit Court of the Eighteenth Judicial Circuit, which provides:

"Restrictive filing. Unless otherwise ordered by the Court, depositions, interrogatories, answers or responses thereto and other discovery documents, shall not be filed with the Clerk of the Court except as necessary to resolve disputed issues of procedure, fact, or substantive law or pursuant to Supreme Court Rule 207. *Rule 7.02 shall not apply to requests to admit facts or to the answers or responses thereto.*" (Emphasis added.) 18th Jud. Cir. R. 7.02(a) (1991).

Plaintiffs' position on this point is further supported, in our opinion, by the Historical and Practice Notes to Rule 216, which state:

"Rule 216 does not in terms require that originals or copies of requests to admit or the answers thereto be filed with the court. However, rule 12(a) provides that if service of a paper is required, as it is if the request is to be effective, proof of service shall be filed with the clerk. A copy of the request should be served on the party to whom it is addressed and on each other party and the original should be filed with proof of service with the clerk of court. *The same practice should be followed with respect to answers and objections.*" (Emphasis added.) Ill. Ann. Stat., ch. 110A, pars. 216(a), (b), (c), Historical & Practice Notes, at 368 (Smith-Hurd 1985).

We do not believe, however, that defendant's failure to file his objection with the trial court should be fatal to his position or determinative of the question of whether the facts set forth in the request to admit were properly deemed admitted. This is so because we also agree with defendant that plaintiffs had a concomitant duty to raise the issue of the objection in a motion before the trial court pursuant to the provision of Rule 216(c) that provides, "*[a]ny* objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." (Emphasis added.) 134 Ill. 2d R. 216(c).

We also believe, plaintiffs' argument to the contrary notwithstanding, that defendant did not refuse to respond to the discovery request

altogether, thus negating plaintiffs' obligation to file the appropriate motion. This is demonstrated by the statement in defendant's attorneys' letter that he did not intend to respond *"at this stage,"* thus evincing a willingness to respond once the objection was addressed and resolved. (Emphasis added.)

Although, as plaintiffs correctly note, the matter of the request to admit was to some extent discussed at the hearing on defendant's motion to quash, the posture of the case at that point, absent a specific motion by plaintiffs raising the issue, was simply not such that defendant was on sufficient notice that the court was prepared to issue a final ruling that the facts referenced in the request to admit would be deemed admitted. We believe it is far more likely that defendant was under the impression that the court would first rule on the threshold question of whether his objection to discovery, based on the *Koplin* case, had any merit. Instead, the court ruled that discovery was permissible *and* proceeded to deem the facts admitted. Since this ruling was handed down not in open court, but in a letter opinion sent to the attorneys, defendant did not at that time have the opportunity to voice further objection or request time to file specific admissions or denials.

Under these circumstances, we think the better practice would have been for the trial court to have allowed defendant such an opportunity. Thus, while a request to admit is a discovery procedure over which the trial court has broad discretion (*Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5, 7), it is also true that Rule 216(c) is not to be applied automatically, and courts may allow late filings in order to prevent injustice (*Sims v. City of Alton* (1988), 172 Ill. App. 3d 694, 698). It has also been stated that, where the request to admit concerns the central issue in the case and the requesting party cannot show prejudice from a late filing, the trial court may allow a late response. *Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190, 194.

Here, while the specific question of a late response is not at issue, the sufficiency and even the very existence of a valid objection has been contested, and we believe similar relief was warranted. It is important to note that these proceedings took place after a default judgment had been entered against defendant and that the court's ruling on the request to admit was crucial to the jurisdictional/service of process issue then pending before the court. Since plaintiffs have not demonstrated how they would have been prejudiced by allowing defendant to provide specific responses to the request to admit, and in order to prevent possible injustice, we conclude that the trial court abused its discretion when it deemed the facts referenced in plaintiffs request to be admitted.

■ Defendant's final contention is that the trial court erred when it determined that defendant was properly served by substitute service of process in London, England. It is defendant's position in this regard that the court's decision was based not on the facts of the case, but rather on the fact that, in the court's opinion, defendant failed to properly object to plaintiffs' request to admit. The trial court's June 27, 1991, letter opinion supports this interpretation. After finding that defendant failed to properly object and that plaintiffs' requests were to be deemed admitted, the court stated, *"[b]ased upon the foregoing,* I conclude that the plaintiff has established proper substitute service upon the defendant and I deny the defendant's motion to quash same and to vacate the default judgment previously entered." (Emphasis added.) In addition, plaintiffs expressly admit as much in their brief, when they state, "the trial court properly *relied on that discovery to determine* the validity of service on the defendant at his London residence." (Emphasis added.) That being the case, and since we have concluded that the trial court erred in ruling as it did on plaintiffs' request to admit, we find that it would be both unnecessary and premature to address the issue of the validity of service of summons at this time.

For all of the foregoing reasons, the March 14, 1991, letter opinion and order of the circuit court of Du Page County, finding that the court had personal jurisdiction over defendant based on the long-arm statute and denying count I of defendant's motion to quash, is affirmed. The portion of the June 27, 1991, opinion and order finding that Supreme Court Rule 201(l) allowed limited discovery on the issue of jurisdiction and that a Rule 216 request to admit was an appropriate method to conduct such discovery is also affirmed. That portion of the court's June 27, 1991, opinion and order finding that defendant failed to properly object to plaintiffs' request to admit and deeming the facts referenced therein admitted and finding that proper substitute service on defendant had therefore been established, however, is reversed, and the cause is remanded with instructions to allow defendant the opportunity to further respond to plaintiffs' request to admit.

Affirmed in part; reversed in part and remanded.

NICKELS and DOYLE, JJ., concur.